418 So.2d 551 (1982)
STATE of Louisiana
v.
Don ANDERSON.
No. 81-KA-2836.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
*552 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Michael M. Simpson, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
H. CHARLES GAUDIN, Justice Pro Tem.[*]
Defendant Don Anderson was convicted of purse snatching in violation of LSA-R.S. 14:65.1 and he appeals on two assignments of error:
(1) That the evidence was insufficient to prove purse snatching and that, at most, he was guilty of theft; and
(2) That the trial judge erred in not reading a requested jury charge.
On January 1, 1981, Martha Menefee and a friend, Louis McRedmond, were in the Superdome watching the Sugar Bowl football game. They were seated in the very top row, with Miss Menefee's purse on the floor between her legs. Directly behind their seats was an aisle or passageway.
Miss Menefee felt a vibration, she said, and she "... looked down and my purse was gone." She advised McRedmond, who immediately began searching the adjacent areas and he found "... the defendant bending over, going through her purse ..."
McRedmond said that Anderson was with two other boys, but they escaped as McRedmond "grabbed" Anderson. Before the purse was taken, both McRedmond and Miss Menefee had noticed Anderson and the two others walking up and down the aisle.
Anderson slipped out of his shirt and got away from McRedmond but he was apprehended moments later.
LSA-R.S. 14:65.1 reads:
"Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another, or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon."
Anderson contends that there was no force or intimidation and that the legal definition of "snatching" is not certain. Webster's dictionary, he points out, defines snatching as a "sudden seizure," and this implies, defendant suggests, a physical confrontation.
The State, on the other hand, contends that the statute is unambiguous and does cover the instant situation. While Miss Menefee was not actually holding the purse, it was within her immediate control and it was suddenly seized.
We agree with the prosecution, being of the opinion that "snatching" does not require an actual face-to-face confrontation and is distinguished from "use of force" and "intimidation" by the statute's very wording.
Anderson also complains because the trial judge refused to consider this charge:
"It is your responsibility to distinguish theft from purse-snatching. Purse-snatching is an offense against property by misappropriation with violence to the person. Theft is an offense against property by misappropriation without violence to the person. To find the defendant guilty as charged, you must find beyond a reasonable doubt that there was force directed against the person, and not just the force involved in the mere lifting and carrying away of the purse."
This is inaccurate in that purse snatching does not require either "misappropriation with violence to the person" or "force directed against the person." The trial judge properly refused this charge.
Although Anderson waived a jury, he had the right to submit charges to the *553 trial judge and to thereby ascertain the extent of the judge's familiarity with pertinent legal principles. See State v. Reeves, 342 So.2d 605 (La.1977).
We find both assignments of error without merit and we affirm Anderson's conviction and seven-year sentence.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I concur in the majority opinion only insofar as its narrow holdings, viz., (1) that there was sufficient evidence of a "snatching," and (2) that the trial court did not err in failing to give the suggested jury charge because it was not wholly correct. The defendant did not raise the issue of whether La.R.S. 14:65.1 is unconstitutionally vague. This case does not resolve that question or definitively interpret the statute.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit, and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon.