CRAIN, Judge.
Defendant, Michael L. Jackson, was charged by bill of information with purse *617 snatching in violation of La.R.S. 14:65.1. The defendant was tried by a jury on September 30,1982, but the jury was unable to reach a verdict, resulting in a mistrial. He was then retried by jury and found guilty as charged. The trial court sentenced him to four (4) years imprisonment at hard labor.
The victim, Rose Rigby, was shopping in the supermarket when her wallet was stolen from her shopping cart. Ms. Rigby testified that defendant bumped into her cart with his cart in the produce section. Immediately thereafter, she noticed her wallet was gone. The victim watched defendant, who then stopped at further points along the produce aisle. She notified a store employee that the defendant had stolen her wallet. The employee then contacted a city police detective who was working for the store that afternoon. The detective approached defendant and patted him down. He did not find the wallet in defendant’s cart or on his person. However, he did find the wallet, with money and cards still inside, at that point along the produce aisle where the victim indicated she had seen the defendant stop.
ASSIGNMENT OF ERROR NUMBER 3:
In this assignment of error, defendant complains that the trial court erred in allowing the state to refer to the definition of “snatching” from Webster’s Dictionary in his closing argument. Defendant alleges that the state used a source outside the law and, in doing so, removed the jury’s right to interpretation. The state argues that under the provisions of La.C.Cr.P. Art. 774, the closing argument may include matters of general or common knowledge and that a definition from Webster’s Dictionary would surely be considered such. The state also cites State v. Anderson, 418 So.2d 551 (La.1982), wherein the court apparently allowed the use of a dictionary in defining the word “snatching”. We note, however, that the use of the dictionary was not at issue in Anderson.
Here, we do not find the prosecutor’s use of a dictionary to define “snatching” to be prejudicial to defendant. La.R.S. 14:3 provides that all the provisions of the criminal code “shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.”
La.C.Cr.P. Art. 774 provides that argument is to be confined to evidence admitted, lack of evidence, conclusions of fact that the state or defendant may draw from the evidence of the lack of evidence, and the law applicable to the case. Matters of common knowledge can serve as a basis for arguing a factual conclusion. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971).
The trial court correctly instructed the 'jury that “. .. ‘snatching’ does not require a face to face confrontation and is distinguished from use of force and intimidation by the statute’s very wording.” State v. Anderson, 418 So.2d 551 (La.1982). So limited we believe that “snatching” has a commonly accepted meaning, not significantly different from that given to the jury from Webster’s Dictionary by both the State and defendant which included “. .. to grasp or seize hastily, to grasp, a quick grasp, or grab ... ”[1]; and “. .. to grasp abruptly or hastily, to seize or grasp suddenly without permission, ceremony or right ... ”[2]. Consequently, the argument did not constitute a misstatement of the law or the facts.
Accordingly, for reasons given, we find no prejudicial error and affirm the lower court’s ruling.
ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 4:
Assignments of error numbers 1, 2 and 4 not having been briefed nor argued are considered abandoned. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983).
Therefore, having found no merit in the sole assignment of error briefed, we affirm the actions of the lower court.
AFFIRMED.

. The State’s reading from Webster.

. The defendant’s reading from Webster.