liWALTZER, Judge.

I. STATEMENT OF THE CASE

Appellant Stanley Kirt was charged by bill of information and found guilty by a six member jury of purse snatching, a violation of La.R.S. 14:65.1. The State filed a multiple bill and the trial court found the appellant to be a third offender and sentenced him to serve twenty years at hard labor.

II. STATEMENT OF THE FACTS

On June 10, 1993, Ms. Aubrey Muse, a school teacher at the Phyllis Wheatly School, got off the Galvez Street bus at Dumaine and North Galvez. She walked approximately one block from the bus stop to the school, entered the school gate and walked past the kindergarten play yard when she felt a blow to her head and heard a voice say, “Give me the purse.” The assailant knocked her to the ground. She felt a tugging on her shoulder as the assailant attempted to take her purse, which had wide straps and which did not come off of her shoulder easily. The assail *776 ant kicked her in the stomach as she lay on the ground. After getting her purse, he ran out of the school gate. He then realized that he had failed to get the cloth tote bag that she was also carrying, so he returned to Ms. Muse and took the tote also. When the assailant returned for the tote bag, Ms. Muse began screaming.
Officers Mark Wilson and John Thomas were patrolling in the area when they heard the call indicating a purse snatching. They drove to the Lafitte Project where they saw three men running. They stopped the three men and one of them, Darryl Singleton, told the officers they were chasing a guy who had snatched an old lady’s purse at Wheatley school. Darryl Singleton also said that the guy they were chasing had gone into a particular hallway. The officers found Stanley Kirt in the hallway of the Lafitte Housing Project, two blocks from the scene of the crime. Kirt’s clothes matched the description broadcast over the |2police radio. Additionally, Kirt was sweating and out of breath. The officers patted down Kirt for weapons and advised him that he was under investigation for purse snatching. The officers found a purse in a garbage can in the hallway near Stanley Kirt. The officers transported Stanley Kirt and the purse back to the scene of the crime. Ms. Muse identified the purse as the purse taken from her. Stanley Kirt was then arrested. The officers asked Ms. Muse to check her purse to see if anything was missing. She searched the purse and discovered that a watch and her school keys were missing from the purse. The officers searched Stanley Kirt and found Ms. Muse’s watch in Kirt’s left front pocket and Ms. Muse’s keys in Kirt’s right front pocket. Ms. Muse identified the watch and keys as hers.
Officers Wilson and Thomas testified that at the time of the arrest Ms. Muse made a positive identification of Stanley Kirt as the person who took her purse. At trial, Ms. Muse testified that she could not identify the appellant’s face because she did not have an opportunity to see him. She also testified that she could not identify the perpetrator’s clothes, and could only say the perpetrator was wearing tennis shoes and a bandanna around his head. At trial, Ms. Muse did identify the watch and school keys taken from Stanley Kirt as the property taken from her during the purse snatching.
Against the advice of counsel, the appellant took the stand. Stanley Kirt testified he was arrested by police officers near his house on Claiborne Avenue for an armed robbery. He denies that he committed the crime.

III. DISCUSSION

A ERRORS PATENT
A review of the record for errors patent reveals none.

B. ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR 1

By this assignment the appellant contends that the trial court erroneously permitted hearsay evidence at trial regarding the victim’s identification of him.
At the motion hearing held February 22, 1994, Officer John Thomas testified regarding the identification of the appellant by the victim. The trial court denied the motion to suppress the identification following Officer Thomas’ testimony. At trial, the State did |3not attempt to question Officer Thomas or his partner Officer Wilson regarding this identification. However, on cross-examination, the defense attorney questioned both Officer Wilson and Officer Thomas about the victim’s identification of the appellant. When the victim later testified at trial, however, she stated that she was unable to make an identification of the appellant because she did not see his face and did not remember the type of clothing he was wearing. Thus, the only evidence introduced at trial regarding an alleged identification was the police officers’ answers to defense counsel’s questions on cross-examination. Not only was there no contemporaneous objection made by defense counsel, it was defense counsel’s own questioning which resulted in the evidence of the identification being introduced. Accordingly, defense counsel did not make a contemporaneous objection to the introduction of evidence and this issue is not preserved for appeal. La.C.Cr.P. art. 841; State v. Catchings, 93-1847 (La.App. 4th Cir. 5/7/94), 637 *777 So.2d 1146. This assignment of error is not preserved for appeal.

ASSIGNMENT OF ERROR 2

Appellant argues the State failed to prove beyond a reasonable doubt that the appellant was the perpetrator of this offense. Specifically, he argues that the identification of the appellant as the perpetrator is so unreliable that it should not be considered and the remaining evidence is insufficient to support the conviction.
The appellant relies on State v. Jones, 610 So.2d 782 (La.1992). Jones is distinguishable from the present case. In Jones, the only evidence presented by the State to link the defendant with the crime for which he was convicted was an identification made by an eyewitness who followed the suspects after the crime had occurred. The Louisiana Supreme Court concluded that “no rational trier of fact could have found this identification credible”. Because there was no other evidence linking the defendant with the crime, “under these circumstances, a rational trier of fact would necessarily have a reasonable doubt as to relator’s guilt.” Jones, 610 So.2d at 785.
Unlike Jones, there is ample other evidence of Stanley Kirt’s guilt. Kirt was found sweating profusely and out of breath two blocks from the scene of the purse snatching with 14the victim’s purse along side him and her possessions in his pockets. The present case is distinguishable from Jones because of this additional evidence linking Stanley Kirt to the purse snatching. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. There is no need for the state to present an eyewitness to the events if the circumstantial evidence is sufficient to prove beyond a reasonable doubt the essential elements of the crime. The evidence of Ms. Muse’s keys and watch found in Stanley Kirt’s pockets, her purse found alongside him and Kirt’s sweating profusely several minutes after the crime and only several blocks from the scene of the purse snatching is sufficient to prove that Stanley Kirt was the perpetrator of the offense. This assignment of error is without merit.
For the reasons discussed, the sentence and conviction are affirmed.

AFFIRMED.