IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30535
Summary Calendar
_____

LOUIS WARD,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CV-1851-K)

December 5, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Certificate of Appealability granted by the district court, Louis Ward, Louisiana prisoner # 96511, appeals, *pro se*, the denial of his 28 U.S.C. § 2254 habeas petition seeking relief from his conviction for purse snatching (more than $100) and resulting life sentence because of prior offenses. Ward's claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are reviewed under the deferential standard of the Anti-terrorism and Effective Death Penalty Act (AEDPA).

Ward first contends that the evidence was insufficient to support his conviction. He must establish that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903 (1990); *State v. Anderson*, 418 So. 2d 551, 552 (La. 1982).

Ward also contends that his trial counsel rendered ineffective assistance by not requesting that the jury be instructed on the lesser included offense of theft. Even if Ward shows counsel's performance was deficient for not doing so, Ward must establish prejudice. *See* *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). He must show that counsel's failure "render[ed] the result of the trial unreliable or the proceeding fundamentally unfair". *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Reviewed under the deferential AEDPA standard, Ward has not established that the state courts' denial of relief on these claims constituted an "unreasonable application of[] clearly established federal law". 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 411-12 (2000). Consequently, the denial of habeas relief is

*AFFIRMED*.