848 So.2d 75 (2003)
STATE of Louisiana
v.
Henry BOSS.
No. 03-KA-133.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*76 Paul D. Connick, Jr. District Attorney, Thomas J. Butler, Terry M. Boudreaux, Walter G. Amstutz, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Jane L. Beebe, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
EDWARD A. DUFRESNE, JR., Chief Judge.
By this appeal, defendant, Henry Boss, challenges the sufficiency of the evidence used to convict him of purse snatching. For the reasons which follow, we affirm his conviction but remand the matter for resentencing in accordance with this opinion.
On December 5, 1998, Stacy Debnam, then seven months pregnant, went to Dorignac's Grocery to shop. During the course of her shopping, Ms. Debnam had filled her cart with grocery items and she was nearly finished shopping. During her time in the grocery, she had placed her purse in the top compartment of the grocery cart. Ms. Debnam walked to the dairy case, while pushing the grocery cart. She parked the cart and stepped about three feet away, to retrieve a bottle of milk. When Ms. Debnam returned to her grocery cart, her purse was missing. As she did so, she also saw a man proceeding through the grocery aisle with her purse on his shoulder. Ms. Debnam screamed "stop that man" and she began to chase the suspect through the store. The suspect dropped the purse at the entrance to the store, and ran into the parking lot.
At this time, Officer Douglas Doyle, an off-duty Jefferson Parish policeman, had come to the store to shop. He heard the victim's screams and saw the suspect running toward the store's entrance carrying a purse. According to Officer Doyle, he saw the suspect drop the purse before the suspect exited the store and ran into the parking lot.
Officer Doyle apprehended the suspect, who was later identified as Henry Boss. Defendant briefly resisted the apprehension, but Officer Doyle was able to place him on the ground, handcuff him and return him to the security office of the store. According to Officer Doyle, it was within five minutes from the time he heard the victim scream until the apprehension occurred. Ms. Debnam immediately identified Boss as the man who took her purse. Officer Doyle was also able to retrieve the purse and its contents, consisting of a small amount of money, credit cards and a cell phone.
As a result of this incident, the Jefferson Parish District Attorney filed a bill of information charging defendant with theft of goods, valued between one hundred and *77 five hundred dollars, in violation of LSA-R.S. 14:67. However, shortly before the matter was scheduled to go to trial, the state amended the bill of information to reflect a charge of purse snatching, a violation of LSA-R.S. 14:65.1. Defendant was arraigned on the amended charge and entered a plea of not guilty and not guilty by reason of insanity. Defendant waived his right to a trial by jury, and the matter proceeded to a bench trial. After listening to the evidence presented, the judge took the matter under advisement in order to review the medical reports relative to the insanity defense, which were submitted during trial. The judge thereafter rendered a verdict finding defendant guilty as charged.
Defendant then filed a motion for new trial, which was denied. Following this denial, the trial judge sentenced defendant to twenty years at hard labor. The state filed a multiple bill wherein it alleged that defendant was a fourth felony offender. After a hearing, defendant was found to be a third felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals.
On appeal, defendant urges only one assignment of error, that the evidence was insufficient to support the verdict. He argues that the state failed to prove an essential element of the crime of purse snatching, and argues that the matter should have been considered a theft. Defendant points out that he was originally charged with theft and that the charge was not amended until over 2½ years after the incident, one month before trial. The state replies that pursuant to LSA-C.Cr.P. art. 61, it was within the discretion of the district attorney to amend the charge. We agree. The district attorney has the sole discretion to choose under which law he will prosecute. State v. Craig, 32,209 (La. App. 2 Cir. 8/18/99), 747 So.2d 604.
In this case challenging sufficiency of the evidence, this court must decide whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 82. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." On appeal, the reviewing court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events. Rather, the court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 772 So.2d at 83. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
In the present case, defendant was convicted of purse snatching. That offense is defined in LSA-R.S. 14:65.1 as "the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon."
*78 On appeal, defendant argues that there was no evidence of force or intimidation, and that the evidence was insufficient to find that a "snatching" had occurred. He points to the fact that no one could testify that this was a snatching or grabbing because there were no eyewitnesses to the incident. He thus urges that the matter should have been considered a theft. We find no merit to defendant's argument.
The Supreme Court has held that "snatching" does not require an actual face-to-face confrontation, and is distinguished from "use of force" and "intimidation" by the statute's very wording. State v. Anderson, 418 So.2d 551 (La. 1982). The state need only show that force or intimidation or snatching was used to accomplish the theft of something of value from the purse that is within the immediate control or on the person. State v. Marts, 98-0099 (La.App. 4 Cir. 5/31/00), 765 So.2d 438, 444.
In State v. Anderson, supra, sufficient evidence of a purse snatching was found where the victim testified only that she felt a vibration, then noticed that her purse was no longer on the floor by her feet. Similarly, in State v. Capote, 474 So.2d 497 (La.App. 4 Cir.1985), the court held that even though the victim did not feel her purse being removed from the back of the chair, the theft constituted purse snatching because the statute does not require a face-to-face confrontation, but only a taking from the area within the victim's control.
In State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, writ denied, 97-1637 (La.12/12/97), 704 So.2d 1180, the appellate court affirmed a purse snatching conviction where the defendant was found walking away with the victim's wallet. On appeal, defendant had urged that there was nothing to rebut the hypothesis that he committed the theft after the wallet had fallen from the victim's purse. The court found that even if the defendant merely picked up the wallet after it fell, the wallet was still in the victim's immediate control since it would have been by her foot, where she also found a comb that had fallen.
In the present case, even though there was no eyewitness to the "snatching," we find that the state proved, by circumstantial evidence, the essential elements of the offense of purse snatching beyond a reasonable doubt.[1] Prior to finding her purse missing, the victim had her purse, containing things of value (cash, credit card, and a cell phone) in her immediate control. She turned away to retrieve some milk, and in the length of time that it took to do that, her purse was gone. She immediately spotted defendant with her purse in his possession as he attempted to flee the store. Defendant was also seen by Officer Doyle, running through the store with the purse on his arm. We find this evidence sufficient to sustain defendant's conviction for purse snatching. Accordingly, the arguments raised by defendant in this assigned error are without merit.
We have also reviewed the record for errors patent according to LSA-C.Cr. P. art. 920. Our review reveals that the trial judge failed to vacate defendant's original twenty year sentence for purse snatching prior to sentencing defendant to a term of life imprisonment as a multiple offender. Where the original sentence on *79 the underlying offense has not been vacated at the time of defendant's sentencing as a multiple offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Dyer, 00-1866 (La.App. 5 Cir. 4/24/01), 794 So.2d 1. We therefore remand the matter to the trial court for resentencing, with instructions to vacate defendant's original sentence before imposing the multiple offender sentence.
We acknowledge the case of State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, in which this court followed the dictates of State v. Mayer, XXXX-XXXX (La.3/31/00), 760 So.2d 309, and deviated from its long held practice of vacating the multiple offender sentence as null and void and remanding the case to the district court for the purpose of vacating the original sentence and resentencing defendant as a multiple offender. In Davis, this court found that the multiple offender sentence was valid despite the fact that the transcript failed to indicate that the trial judge had vacated the original sentence. However, both Davis and Mayer are distinguishable from the instant case. In those cases, the commitment/minute entry reflected that the trial court vacated defendant's original sentence whereas the transcript did not so reflect. In the present case, neither the transcript nor the commitment/minute entry indicate that the trial court vacated defendant's original sentence prior to imposing an enhanced sentence. Under these circumstances, we find that it is necessary to vacate defendant's multiple offender sentence as null and void and to remand the matter for resentencing.
We also note that the trial judge failed to advise defendant of the prescriptive period for post conviction relief as required by LSA-C.Cr.P. art. 930.8. We instruct the trial court, at resentencing, to advise defendant of the prescriptive period for post conviction relief and to file written proof in the record that defendant received such notice.
For the foregoing reasons, defendant's conviction and sentence for purse snatching, and the finding that defendant is a third felony offender, are hereby affirmed. Defendant's multiple offender sentence is vacated and the matter is remanded to the trial court for the resentencing of defendant in accordance with this opinion.
CONVICTION AFFIRMED, MULTIPLE OFFENDER SENTENCE VACATED, MATTER REMANDED FOR RESENTENCING.
EDWARDS, J., dissents with reasons.
EDWARDS, J., dissents with reasons.
I dissent from the majority finding that the act in question constituted "purse snatching." I am concerned in the present case with the element of "immediate control" as used in R.S. 14:65.1. In the cases cited by the majority, although the bags were not on the persons of the victims when stolen, the victims were in extremely close physical proximity to their purses or wallets. In Anderson, the victim was near enough to both her purse and to the defendant so she felt the vibration of the theft. In the other cases, the victims were seated in chairs from which the purses were taken.
The concept of "immediate control" has been interpreted for other statutes. Cases involving crimes involving armed defendants have broadened the definition of immediate control to include "in the presence of the owner."[2] (However, the concept has been further explained by the condition *80 that in order to establish robbery, the property must be sufficiently under the victim's control that, absent violence or intimidation, the victim could have prevented the taking.[3])
Those cases involving armed robbery are neither controlling nor applicable in the present circumstances. Here, the victim's purse was in her shopping cart at least three feet away from her, and she had turned both her person and her attention away from the basket. She remained unaware of the theft until she spotted Boss walking some distance away. In this situation, her purse was not in physical proximity, and thus under her immediate control, for purposes of R.S. 14:65.1. It is clear that "snatching" a wallet or purse either from the victim or from their immediate vicinity presents a potential physical danger to the person. Application of the statute to the present facts appears to be, in my opinion, a distortion of the purpose of its designation as a crime of violence to the person. At best, the state proved the elements of theft.
Therefore, I respectfully dissent.
NOTES
[1] There is no need for the state to present an eyewitness to the events if the circumstantial evidence is sufficient to prove beyond a reasonable doubt the essential elements of the crime. State v. Kirt, 94-2301 (La.App. 4 Cir. 6/29/95), 657 So.2d 775, 777, writ denied, 95-2059 (La.3/7/97), 690 So.2d 10.
[2] See e.g., State v. Blanchard XXXX-XXXX (La. 1/18/01), 776 So.2d 1165., footnote 9, and the cases cited therein.
[3] State v. Thomas, 447 So.2d 1053 (La.1984); State v. Long 36,167 (La.App. 2 Cir. 10/30/02), 830 So.2d 552, 557.