N. TOBIAS, JR., Judge.
The state filed a bill of information on 14 February 2003 charging Gerald Pierre (“Pierre”) with purse snatching, a violation of La. R.S. 14:65.1. At his arraignment on 21 February 2003 he pleaded not guilty. At the preliminary hearing on 21 March 2003 thé trial court found probable cause for attempted purse snatching. After being advised of his right to a jury trial, Pierre elected a bench trial, and on 4 April 2003 he was found guilty of attempted purse snatching. He was sentenced on 10 June 2003 to serve three years at hard labor.[1] He was granted an out of time appeal on 9 September 2003.
At trial Kimloan Nguyen testified that she and her husband own a grocery store. About 5 p.m. on 6 January 2003, a man, later identified as Pierre, entered the store, took a beer from the cooler, and placed it on the counter. He then rushed behind the counter, pushed Ms. Nguyen and her daughter down, and tried to open the cash register, but he could not get it open. Ms. Nguyen screamed for her husband who came into the store and began wrestling with the defendant; however, the defendant got away and ran out the door. As he was leaving, he grabbed Ms. Nguyen’s purse. Ms. Nguyen called 911, and her husband followed Pierre. Her | ^husband retrieved her purse after he wrestled Pierre to the ground. The police arrived and arrested Pierre.
Mr. Lin Tran, the husband of Ms. Nguyen, testified that he was working in the back of his store when he heard his wife and children calling him. He ran to the front and saw a man behind the counter trying to open the cash register. Mr. Tran pulled him away, and suddenly the man turned to run from the store. As he was leaving, Ms. Nguyen screamed that he had her purse. Mr. Tran then ran after the intruder and tackled him about thirty feet from the store. Mr. Tran was able to hold him down until the police arrived.
*248 The parties stipulated that if the police officer who arrested Pierre were to testify, he would state that Pierre was apprehended and arrested in front of the store owned by Mr. Tran and Ms. Nguyen.
In a single assignment of error, Pierre, through counsel, argues that the evidence is insufficient to support the conviction.
The standard for reviewing a claim of sufficiency of the evidence is well settled.[2] Simply stated, all evidence, direct and circumstantial, must meet the | ^reasonable doubt standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Jacobs, 504 So.2d 817 (La.1987).
Pierre first argues that the evidence is insufficient in that the state never established venue through testimony that the offense occurred in Orleans Parish.[3] He notes that La.C.Cr.P. art. 611, which governs venue, provides that “[a]ll trials shall take place in the parish where the offense has been committed.... ”
Pierre maintains that the conviction cannot stand because of the inadequate proof of venue. However, under La.C.Cr.P. art. 615,
[improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
A review of the record shows that Pierre failed to file a motion to quash on the basis of improper venue; therefore, appellate review of the issue is precluded. State v. Amato, 96-0606 (La.App. 1 Cir. 6/30/97), 698 So.2d 972.
This argument is without merit.
Pierre next argues that the State submitted insufficient proof that his actions constituted attempted purse snatching.
*249 Purse snatching is defined by La. R.S. 14:65.1 A as:
the theft of anything of value contained within a purse or 14wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
La. R.S. 14:27, the attempt statute, provides in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specifically the defendant contends that no evidence was offered at trial that the purse contained anything of value or that it was taken from the immediate control of Ms. Nguyen.
When asked what she had been carrying in her purse, Ms Nguyen answered:
Some cash, ID, driver’s license, you know, social security card, personal things....
She also testified that when her purse was taken it was right next to the cash register where she had been standing until Pierre pushed her aside.
Ms. Nguyen’s testimony establishes that her purse contained items of value. As to the purse being in her control, in State v. Anderson, 418 So.2d 551 (La. 1982), the Louisiana Supreme Court affirmed a conviction for purse snatching where the victim’s purse had been taken from the floor near her legs, with only a “vibration” to alert her to the loss. The court held that a purse snatching did not require an actual face-to-face confrontation. Again, in State v. Capote, 474 So.2d 497 (La.App. 4 Cir.1985), this court found that even though the victim of a purse snatching did not feel her purse being removed from the. back of her chair, its taking from the area of her control was sufficient to support the defendant’s conviction. Similarly, in State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, although the victim did |snot see or feel the wallet being taken from her purse, she saw the perpetrator walking off with it, which was sufficient to support the defendant’s conviction for purse snatching.
As in the cases cited above, the evidence in this case was sufficient to prove beyond a reasonable doubt that Pierre “snatched” Ms. Nguyen’s purse. She saw him with the purse, which seconds before had been in her immediate control. Such is adequate evidence even if he merely picked it up from the counter.
This assignment of error is without merit.
Accordingly, Pierre’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.

. At sentencing the judge recommended Pierre be placed in DOC Boot Camp.

. As we noted in State v. Major, 2002-0133, p. 7 n. 5 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, 631-32:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Scott, 97-0028 (La.App. 4 Cir. 3/18/98), 709 So.2d 339. However, an appellate court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). An appellate court is not permitted to consider just the evidence most favorable to the prosecution, but it must consider the record as a whole since that is what a rationed trier of fact would do. State v. Harge, 98-1321 (La.App. 4 Cir. 2/17/99), 730 So.2d 983. If a rational trier of fact could disagree as to the interpretation of the evidence, the view of the rational trier of fact of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra. An appellate court is not called upon to determine if it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Smith, 600 So.2d 1319, 1324 (La.1992).

. Technically, the name and location of the grocery store are not specifically contained within the trial transcript. At trial, when Mr. Tran was asked his occupation, he answered that he worked at "13101 [inaudible] street.” The state in brief notes that although the street name was inaudible to the court reporter, neither the judge nor the attorneys asked Mr. Tran to repeat the street’s name; presumably, the judge and counsel heard it. Further, at the preliminary hearing, Ms. Nguyen testified that the store was located in New Orleans.