THERIOT, J.
1 ¡¿Defendant, Mark Allen Shepherd, II, was charged by bill of information with purse snatching, a violation of La. R.S. 14:65.1 (count one), and resisting an officer with force or violence, a violation of La. R.S. 14:108.2 (count two). He pled not guilty. Following a jury trial, defendant was found guilty as charged on count one, and guilty of the responsive offense of resisting an officer, a violation of La. R.S. 14:108, on count two. The trial court denied defendant’s motions for new trial and post-verdict judgment of acquittal and sentenced him to six years at hard labor on count one and six months in the parish jail on count two. The trial court ordered these sentences to run concurrently. Defendant now appeals, alleging two assignments of error which both relate to the sufficiency of the evidence presented at his trial. For the following reasons, we affirm defendant’s convictions and sentences.

FACTS

On August 31, 2013, Jenny Montelongo accompanied some friends to the Olde Towne Tavern in Slidell. Montelongo carried a wristlet[1] which contained her driver’s license, credit card, cash, and cell phone. Montelongo walked to the bar to order a drink and set her wristlet down on the bar top. A family friend approached Montelongo and began to speak to her, so she allowed the person behind her to take her spot at the bar. That person, who turned out to be defendant, briefly stood at the bar between Montelongo and her wristlet before he grabbed it and ran out of the bar. Montelongo told the bartender what happened, and she informed the security guard, Stephen Dean. Both men exited the bar in pursuit of defendant.
| ¡¡Dean and the bartender caught up to defendant, and the bartender successfully retrieved Montelongo’s wristlet, but not her phone or her cash. Dean flagged down Officer Jacob Morris, of the Slidell Police Department and informed him of defendant’s actions. Officer Morris spotted defendant, who was walking down Cousin Street. Officer Morris identified himself as a Slidell police officer and asked defendant to stop multiple times. Defendant failed to comply. Officer Morris eventually jogged over to defendant, physically stopped him, and placed him in handcuffs. Officer Morris brought defendant to Montelongo, and she identified him as the person who had taken her wristlet. The defendant began to tense up as Officer Morris and another officer attempted to *1043 escort him to a patrol vehicle. As the officers attempted to get him into the back seat of the vehicle, defendant began to kick and pull away from their grasp. Eventually, the assisting officer performed a take-down maneuver, causing defendant to receive a gash to his forehead. Defendant was eventually placed under arrest. Mon-telongo eventually recovered her cash and cell phone, but the cell phone had been damaged.

INSUFFICIENT EVIDENCE

In his first assignment of error, defendant argues that the trial court erred in denying his motions for new trial and post-verdict judgment of acquittal. This assignment of error adopts the same argument made in defendant’s second assignment of error — that the evidence presented at trial was insufficient to support defendant’s conviction for purse snatching. Specifically, defendant argues that Mon-telongo’s wristlet was not within her “immediate control” at the time he took it.
A conviction based on insufficient evidence cannot stand as it violates due process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. The 14standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 448 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Crim. Proc. art. 821(B); State v. Ordodi, 2006-0207 (La.11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard of review, incorporated in Article 821(B), is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See State v. Patorno, 2001-2585 (La.App. 1st Cir.6/21/02), 822 So.2d 141, 144.
Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon. La. R.S. 14:65.1(A). In the instant case, defendant does not dispute his identity as the perpetrator, nor does he dispute that he committed a theft of anything of value from Mon-telongo’s wristlet. Rather, he contends only that the wristlet was not within Mon-telongo’s immediate control at the time of the taking.
Montelongo’s testimony was the only evidence presented at trial regarding the immediate control element of the purse snatching. Montelongo stated that she placed her wristlet on the bar.as she waited for a drink. When her friend approached, Montelongo allowed defendant to take her spot at the bar. Montelongo described defendant as standing between her and her wristlet. After defendant walked away, Montelongo looked back | fito see that her wristlet had been taken. By that point, defendant was on his way out the door of the bar.
In State v. Harrche, 2011-0183 (La.App. 5th Cir.12/13/11), 81 So.3d 861, writ denied, 2012-0342 (La.8/22/12), 97 So.3d 372, the defendant was found guilty of purse snatching. On appeal, one of the defendant’s arguments was that the victim’s purse was not in her immediate control at the time of the taking. At trial, the victim testified that she was loading groceries into her vehicle from a shopping cart. Her purse was in the top section of the cart, where a baby would be seated. See Harrche, 81 So.3d at 864. As the victim *1044 finished loading a watermelon into her vehicle, she noticed her purse was gone and that the defendant was running away from her vehicle. Id. At trial, the victim indicated that she was close enough to her purse at the time it was taken that she could have reached over and grabbed it. Id. at 867. The appellate court upheld the defendant’s conviction, finding that the victim’s purse was snatched while it was in her immediate control. Id. at 868.
In State v. Pierre, 2004-0010 (La.App. 4th Cir.2/25/04), 869 So.2d 246, the defendant was convicted of attempted purse snatching. On appeal, the defendant argued that the purse was not within the victim’s immediate control when it was taken. The evidence presented at trial indicated that the defendant entered the victim’s grocery store, took a beer from the cooler, and placed it on the counter. He then rushed behind the counter, pushed the victim and her daughter down, and tried unsuccessfully to open the cash register. The victim’s husband began to wrestle with the defendant, but he got away and ran out the door. As he was leaving, the defendant grabbed the victim’s purse. The victim’s husband tackled the defendant and retrieved the purse. See Pierre, 869 So.2d at 247. The appellate court upheld the ^defendant’s conviction, finding that the purse was in the victim’s immediate control because it was next to the cash register where the victim had been standing until the defendant pushed her aside. Id. at 249.
In State v. Boss, 2003-0133 (La.App. 5th Cir.5/28/03), 848 So.2d 75, writ denied, 2003-1968 (La.5/14/04), 872 So.2d 508, the defendant was convicted of purse snatching. On appeal, he argued that the taking should have been a theft because there were no eyewitnesses to the incident. The victim testified at trial that she was grocery shopping with her purse in the top compartment of her cart at the time of the incident. The victim stepped away from her cart to approach the dairy case, which was about three feet away. When she returned to her cart, her purse was missing. The victim saw the defendant proceeding down a grocery aisle with her purse on his shoulder. See Boss, 848 So.2d at 76. The appellate court upheld the defendant’s conviction, finding that the state proved all elements of purse snatching, including that the purse had been in the victim’s immediate control. Id. at 78.
The facts of the instant case are similar to those in Harrche, Pierre, and Boss. As, were the victims in Harrche and Boss, Montelongo was relatively close to her wristlet at the time it was seized. Her uncontroverted testimony indicates that Montelongo was a mere person length away from the bar at the time of the incident. Had defendant not taken the wristlet, there is little doubt that Montel-ongo could have retrieved it from her position using minimal effort. Further, similar to the defendant in Pierre, defendant’s actions in the instant case served to create the minor distance between Montelongo and her wristlet. While defendant did not push Montelongo, as did the defendant in Pierre, he still actively separated the victim from her belongings by placing himself at the bar. Taken as a whole, 17these facts indicate that at the time of the taking, the wristlet was in Montelongo’s immediate control.
Viewing the evidence in the light most favorable to the prosecution, we are convinced that the evidence presented at trial was sufficient to support defendant’s conviction for purse snatching. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. The trier of fact’s determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact *1045 finder’s determination of guilt. State v. Taylor, 97-2261 (La.App. 1st Cir.9/25/98), 721 So.2d 929, 932. We note that the jury found defendant guilty of purse snatching despite the availability of responsive verdicts of several different grades of theft, none of which require proof of immediate control. We are constitutionally precluded from acting as a “thirteenth juror” in assessing what weight to give evidence in criminal cases. See State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 83. After a thorough review of the record, and the jurisprudence referenced herein, we cannot say that the jury’s determination of defendant’s guilt was irrational under the facts and circumstances presented to them. See Ordodi, 946 So.2d at 662.
These assignments of error are without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. Montelongo described the wristlet as an object with a strap that attached to her wrist. It stored her essentials and allowed her to refrain from carrying a larger purse.