JOHNSON, J.
Defendant, Eric Fitch, appeals his conviction for purse snatching on the basis the evidence was insufficient to convict him. For the reasons that follow, we affirm.
Defendant was charged in a bill of information on January 14, 2016 with purse snatching in violation of La. R.S. 14:65.1. He pled not guilty and filed a motion to suppress identification, which was denied after a hearing. After being found competent to stand trial, Defendant proceeded to trial before a six-person jury on February 14, 2017, and was found guilty as charged.
On February 16, 2017, before Defendant was sentenced, the State filed a multiple offender bill of information alleging Defendant to be a third felony offender. Defendant appeared for sentencing on February 24, 2017, and was sentence to 20 years at hard labor. Immediately following the imposition of sentence, Defendant stipulated to the allegations contained in the multiple bill. The trial court vacated his original sentence and resentenced Defendant as a third felony offender to an enhanced 20 years at hard labor without the benefit of probation or suspension of sentence. This out-of-time appeal follows.
On November 28, 2015, Rosalie Palmisano-the victim-and her friend, Danielle Scott, left a local sports bar on Jefferson Highway where they had been drinking and watching an LSU football game. Upon leaving the bar that evening, the victim was approached in the parking lot by a man requesting a cigarette. The victim advised the man that she did not smoke and proceeded to open the passenger-side car door. Placing her leftover food from the bar on the dashboard and her purse on the floorboard, she began to climb into the car when the man pushed her up against the car's interior console, grabbed her purse, and ran down the street.[1]
The victim recalled that the man who approached her was Caucasian, in his early thirties, "maybe blonde hair," and was wearing black pants, a white shirt, and dark rimmed glasses.[2] She further reported *857 that her cell phone was in the purse that was taken. The reporting officers were able to trace the victim's cell phone to the 500 block of Arnoult Road; however, efforts to locate the suspect were fruitless so a second trace was performed indicating the location of the cell phone near the neighboring 500 block of Sizeler Road. The officers relocated to the area near Sizeler Road where they found Defendant, matching the description given by the victim, hiding in a dumpster behind a Winn Dixie parking lot along with the victim's purse and its contents, refusing to surrender to the authorities.[3]
Defendant was eventually apprehended and the victim was contacted by police officers who transported her to the alleyway behind the Winn Dixie store where she identified Defendant-after having asked the officers to have the suspect put on the dark rimmed glasses in his possession-as the man who had stolen her purse earlier that evening. The victim's purse and its contents-including her cell phone, sunglasses, and wallet containing money and "various cards"-were recovered in the dumpster where Defendant was found hiding.
In his sole assignment of error, Defendant argues the evidence presented at trial was insufficient to support his conviction for purse snatching, and at most, the evidence only proved the crime of theft. Specifically, Defendant contends the State was unable to meet an essential element of the crime charged when it failed to prove that the victim's purse was in her immediate control or on her person at the time it was taken. Defendant further challenges the State's proof regarding his identity as the perpetrator, noting that the description of the suspect provided by the victim did not reference the notable tattoo on the left side of his neck.
A conviction based on insufficient evidence cannot stand as it violates due process. See U.S. Constitution amend. XIV ; La. Constitution art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La. C.Cr.P. art. 821(B) ; State v. Ordodi , 06-207 (La. 11/29/06), 946 So.2d 654, 660. Both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Harrell , 01-841 (La. App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019. A reviewing court is required to consider the whole record and determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Price , 00-1883 (La. App. 5 Cir. 7/30/01), 792 So.2d 180, 184.
Defendant was convicted of purse snatching, which is defined as "the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon." La. R.S. 14:65.1(A).
In addition to proving the statutory elements of the charged offense at trial, the State is required to prove the defendant's identity as the perpetrator.
*858 State v. Draughn , 05-1825 (La. 1/17/07), 950 So.2d 583, 593, cert. denied , 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). "As a general matter, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the [s]tate is required to negate any reasonable probability of misidentification." Id. , quoting State v. Neal , 00-674 (La. 6/29/01), 796 So.2d 649, 658, cert. denied , 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).
The supreme court has held that "snatching" does not require an actual face-to-face confrontation, and is distinguished from "use of force" and "intimidation" by the statute's very wording. State v. Anderson , 418 So.2d 551, 552 (La. 1982). The State need only show that force or intimidation or snatching was used to accomplish the theft of something of value from the purse that is within the immediate control or on the person. State v. Boss , 03-133 (La. App. 5 Cir. 5/28/03), 848 So.2d 75, 78, writ denied , 03-1968 (La. 5/14/04), 872 So.2d 508 (emphasis as found in original). La. R.S. 14:65.1 does not require that the victim know at the time of the taking that his or her property is taken or snatched. State v. Smith , 07-2028 (La. 10/20/09), 23 So.3d 291, 298 n.3 (per curiam ). Thus, it is possible in Louisiana to "snatch" a victim's purse from her possession without her awareness at the time of the taking. Id.
Defendant contends the victim had relinquished control over her purse when she placed it on the floorboard and, thus, it was not in her immediate control. However, the jurisprudence makes clear that the evidence in this case sufficiently proves a purse snatching. In Anderson , supra , sufficient evidence of a purse snatching was found where the victim testified only that she felt a vibration, then noticed that her purse was no longer on the floor by her feet. In State v. Capote , 474 So.2d 497 (La. App. 4th Cir. 1985), the court held that even though the victim did not feel her purse being removed from the back of her chair, the theft constituted purse snatching, recognizing that no face-to-face confrontation was required. The court found sufficient evidence to support the purse snatching conviction. And, in State v. Phillips , 10-582 (La. App. 4 Cir. 2/17/11), 61 So.3d 130, writ denied , 11-582 (La. 10/07/11), 71 So.3d 311, the court upheld the defendant's conviction for purse snatching, finding the wallet snatched by the defendant was in the immediate control of the victim after noting that it was lying right next to her hand on the counter of the McDonalds.
Also, in State v. Harrche , 11-183 (La. App. 5 Cir. 12/13/11), 81 So.3d 861, writ denied , 12-342 (La. 8/22/12), 97 So.3d 372, this Court upheld the defendant's conviction for purse snatching, specifically finding that the purse was snatched while it was in the victim's immediate control. The victim testified that she was loading groceries into her vehicle from a shopping cart, and that her purse was in the top section of the cart, where a baby would be seated. As the victim finished loading her groceries into her car, she noticed her purse was gone and that the defendant was running away from her vehicle. The victim indicated that she was close enough to her purse at the time it was taken that she could have reached over and grabbed it. This Court determined that this evidence sufficiently proved a purse snatching.
Further, in Boss , supra , this Court found the evidence sufficient to uphold the defendant's conviction for purse snatching after finding all elements of the crime were proven, including that the purse had been in the victim's immediate control at the time it was taken. The victim testified *859 that she was grocery shopping with her purse in the top compartment of her cart at the time of the incident. The victim stepped away from her cart to approach the dairy case, which was about three feet away. When she returned to her cart, her purse was missing and she saw the defendant proceeding down a grocery aisle with her purse on his shoulder.
In the present case, the victim opened the front passenger-side door of her friend's vehicle and placed her purse on the floorboard. She had one foot in the car when Defendant pushed her into the car's interior console and grabbed her purse from beneath her feet before fleeing the scene.
Additionally, the victim provided a description of the perpetrator to the police who were able to locate Defendant, who matched the perpetrator's description, by tracking the victim's cell phone which was in Defendant's possession along with her purse and its contents at the time of his apprehension. The officers testified at trial that Defendant was found hiding in a dumpster refusing to surrender to the authorities. Once detained, the victim was taken to Defendant's location where she positively identified Defendant as the man who stole her purse. Positive identification by one witness is sufficient to support a conviction. State v. Harris , 07-124 (La. App. 5 Cir. 9/25/07), 968 So.2d 187, 193.
Viewing the evidence in the light most favorable to the prosecution, we find the evidence presented at trial was sufficient to support Defendant's conviction for purse snatching. The record demonstrates that any rational trier of fact could have found the essential elements of the crime, including that the purse was snatched or taken by force by Defendant while it was in the victim's immediate control and his identity as the perpetrator beyond a reasonable doubt.
We have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920, and find no errors that require corrective action.
Based on the foregoing, Defendant's conviction and sentence for purse snatching is affirmed.
AFFIRMED

The victim testified that she had one foot in the vehicle and was pushed with such force that she broke Ms. Scott's sunglasses that were near the console.

The victim's friend, Ms. Scott, was already seated in the car when the perpetrator reached in and grabbed the victim's purse from the floorboard, but she testified that the perpetrator was a Caucasian male, with short hair, and was wearing a white shirt.
It was established at trial that Defendant had a large tattoo on his neck-a distinguishing trait which was provided in the descriptions of the suspect given by witnesses. The victim stated that she did not notice any tattoos on Defendant because she was "face to face" with him when he first approached her.

According to one of the arresting officers, Defendant advised that he was "resting" in the dumpster.