MOLAISON, J.
Defendant appeals his conviction and sentence for purse snatching. For the reasons that follow, defendant's conviction and sentence are affirmed.
PROCEDURAL HISTORY
The Jefferson Parish District Attorney filed a bill of information on September 8, 2017, charging defendant, Joseph Becnel, with one count of purse snatching, in violation of La. R.S. 14:65.1. After pleading not guilty on September 20, 2017, defendant proceeded to trial before a six-person jury on May 30, 2018, at the conclusion of which he was found guilty as charged. On June 27, 2018, defendant was sentenced to 17 years imprisonment in the Department of Corrections. Defendant's written motion for appeal, filed pro se on the same date of his sentencing, was granted by the trial court on July 9, 2018. The instant appeal followed.
FACTS
At trial, the victim, Lisa Reyes, testified that on the afternoon of July 23, 2017, she and Amanda Knight, along with Knight's two children, drove to a gas station in Bridge City[1] to withdraw money from an *1019 ATM. Reyes placed $ 100 in cash from the ATM into her wallet, which already contained $30 in bills, and then began to put the wallet into her front pocket. As she did so, a man approached her from behind, pushed up against her, reached into her pocket, and took her wallet. As her wallet was being taken, Reyes fell through the driver's side doorway, which was open at that time. Reyes described resisting or struggling to retain her wallet and get back up. Reyes then unsuccessfully chased after defendant on foot. Reyes stated that she located her wallet the following day in the area where it was taken from her, and that only the cash was missing from it.
Reyes positively identified defendant in court as the individual who took her wallet. Reyes further testified that upon being shown the initial photographic lineup, she narrowed it down to two individuals but ultimately selected defendant's photograph, realizing the age difference between the individuals depicted in the two photographs.
The trial testimony of Amanda Knight largely corroborated Reyes' testimony, and she described how defendant approached Reyes and "forced her on the side of her car and pushed her up against the car and stole her wallet out of her pocket."
Jonathan Helgason testified that on July 23, 2017, he was driving down Bridge City Avenue in Westwego, when he observed an African-American male walk behind a car in a gas station parking lot. At the time, there were two women standing outside of the car and two children in the back seat. Helgason watched the man approach the car and reach inside at the same time one of the women was entering. Soon after, Helgason heard a woman yell that her wallet had been stolen by the same man he had seen earlier. Helgason testified that one of the women in the car chased the man underneath the Huey P. Long Bridge. While Helgason called 9-1-1, the perpetrator went out of view.
Jefferson Parish Sheriff's Office Deputy Daniel Carter testified that he was dispatched to the scene of a reported purse snatching. After arriving, Deputy Carter interviewed Helgason, Reyes, Knight, and Knight's two minor children. Reyes told Deputy Carter that the man who took her wallet had done so by putting his hand into her pocket and lunging forward between the car door and the car, catching her off guard in the process. Deputy Carter's search of the immediate area did not yield the wallet at that time. In reviewing the gas station's security camera footage, Deputy Carter observed that while the video did show the perpetrator approaching Reyes, the actual crime occurred off camera.
Jefferson Parish Sheriff's Office Detective Ryan Fanguy testified that, after he retrieved the video surveillance from the gas station where the crime occurred, he was able to obtain a high-quality image of the suspect to include in a police press release. Defendant, Joseph Becnel, was eventually identified as the perpetrator in the video through the use of various databases utilized by law enforcement. A six-person photographic lineup was shown at separate times to Reyes and Knight, who both narrowed the lineup down to two persons, one of whom was defendant.
After the issuance of an arrest warrant, Detective Fanguy located defendant and took him into custody. Defendant was advised of, and waived his rights prior to confessing his involvement in the crime and identifying himself in the photograph captured from the video surveillance. Defendant told Detective Fanguy that after he saw Reyes put money into her wallet, he "took the wallet out her pocket." Defendant denied making any physical contact with Reyes when he took the wallet. Detective *1020 Fanguy testified that after he told defendant that he was being charged for purse snatching, defendant asked him whether the charge could be reduced to a theft.
The defense rested without calling any witnesses.
LAW AND ANALYSIS
In his sole counseled assignment of error, defendant argues the evidence presented at trial was insufficient to support his conviction for purse snatching, and at most, the evidence only proved the crime of theft. Specifically, defendant contends the State was unable to prove that the victim's wallet was taken by "force or intimidation, or by snatching." Defendant also contends that the video surveillance does not corroborate any alleged use of force and that the two key witnesses at trial-Ms. Reyes and Ms. Knight-testified in a manner inconsistent with what was originally relayed to investigating officers at the scene.[2]
The standard of review for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Both direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Harrell, 01-841 (La. App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019.
Under the Jackson standard, a review of a criminal conviction for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but rather whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. State v. Flores , 10-651 (La. App. 5 Cir. 5/24/11), 66 So.3d 1118, 1122. When addressing the sufficiency of the evidence, consideration must be given to the entirety of the evidence, both admissible and inadmissible, to determine whether the evidence is sufficient to support the conviction. State v. Hearold , 603 So.2d 731, 734 (La.1992).
In the instant case, defendant was charged with one count of purse snatching, in violation of La. R.S. 14:65.1. That statute provides, in relevant part:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
The supreme court has held that "snatching" does not require an actual face-to-face confrontation and is distinguished from "use of force" and "intimidation" by the statute's very wording. State v. Anderson , 418 So.2d 551, 552 (La. 1982). The State need only show that force or intimidation or snatching was used to accomplish the theft of something of value from the purse that is within the immediate control of or *1021 on the person. State v. Boss , 03-133 (La. App. 5 Cir. 5/28/03), 848 So.2d 75, 78, writ denied , 03-1968 (La. 5/14/04), 872 So.2d 508. La. R.S. 14:65.1 does not require that the victim know at the time of the taking that his or her property is being taken or snatched. State v. Smith , 07-2028 (La. 10/20/09), 23 So.3d 291, 298 n.3 (per curiam). Thus, it is possible in Louisiana to "snatch" a victim's purse from her possession without her awareness at the time of the taking. Id .
In Anderson , supra , sufficient evidence of a purse snatching was found where the victim testified only that she felt a vibration, then noticed that her purse was no longer on the floor by her feet. The supreme court found that the defendant's taking of the purse without force or confrontation still constituted a snatching. In State v. Capote , 474 So.2d 497 (La. App. 4th Cir. 1985), the court held that even though the victim did not feel her purse being removed from the back of her chair, the theft constituted purse snatching, recognizing that no face-to-face confrontation was required. In State v. Spurlock , 539 So.2d 977 (La. App. 4th Cir. 1989), writ denied , 544 So.2d 399 (La. 1989), the court found sufficient evidence to support the purse snatching conviction where a security guard observed the defendant remove a wallet from the victim's purse without her knowledge of the theft. And in State v. Neville , 96-0137 (La. App. 4 Cir. 5/21/97), 695 So.2d 534, writ denied , 97-1637 (La. 12/12/97), 704 So.2d 1180, although the victim did not see or feel the defendant take her wallet from her purse, she saw him walking off with it, which was sufficient to support the defendant's conviction for purse snatching.
It is clear from the foregoing jurisprudence that use of force is not an element necessary to be proven in order to sustain a conviction for purse snatching. Therefore, defendant's argument on this point is without merit. Turning to the actual elements of the crime at issue, discussed above, we first find that, by defendant's own admission, he took the victim's wallet from her front pocket after he watched her place money inside of it. The defendant's account of the crime was consistent with the testimony of the victim and Knight, that defendant approached Reyes, pushed up against her, reached into her pocket, and took her wallet.[3] Viewing this evidence in the light most favorable to the prosecution, we hold that the jury had a reasonable basis for its finding that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , supra .
ERRORS PATENT REVIEW
As is our routine practice, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). The following matter was discovered.
The record reflects that defendant was given an incomplete advisal per *1022 La. C.Cr.P. art. 930.8, after imposition of his sentence on June 27, 2018. La. C.Cr.P. art. 930.8 provides that a defendant shall have two years after the judgment of conviction and sentence has become final to seek post-conviction relief. Here, according to the transcript, the trial court informed defendant he had "two years after the judgment and sentence become final to seek post conviction relief." (Emphasis added). Further, although the sentencing minute entry provides that an advisal regarding the proper prescriptive time period was given to defendant by the trial court, where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983).
If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. See State v. Brooks , 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied , 12-2478 (La. 4/19/13), 111 So.3d 1030.
Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED

The record shows that Bridge City Avenue, where the crime occurred, is located in Westwego, Louisiana, which is within Jefferson Parish.

On November 30, 2018, defendant filed a pro se supplemental brief, in which he challenged the sufficiency of the evidence introduced at trial to convict him. Specifically, he denied that he had made physical contact with the victim during the taking of her purse, and he also challenged the credibility of the witnesses to the crime. Finally, defendant argued that if a crime was committed, it was pickpocketing and not purse snatching. Because all of these issues are addressed in the discussion of defendant's counseled assignment as well, a single analysis for all assigned errors is provided.

To the extent that defendant asserts inconsistencies between Reyes' and Knight's trial testimony and their initial statements to police, we find no merit to his argument. Deputy Carter testified that while this is not contained in his police report, upon speaking with Reyes, he learned that defendant had taken her wallet from her by "sticking his hand in her pocket and lunged her between the car door and the car, so that she didn't know where to go or what to do." This testimony was consistent with Reyes' and Knight's accounts of the events at trial. The credibility of a witness will not be re-weighed on appeal. State v. Johnson , 00-1552 (La. App. 5 Cir. 3/28/01), 783 So.2d 520, 527, writ denied , 01-1190 (La. 3/22/02), 811 So.2d 921.