474 So.2d 497 (1985)
STATE of Louisiana
v.
Antonio CAPOTE.
No. KA 2586.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BARRY, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Antonio Capote, was arrested and charged with purse snatching in violation of La.R.S. 14:65.1. After a trial by jury, the defendant was found guilty as charged and sentenced to serve four (4) years at hard labor. Defendant appeals his conviction alleging that the State failed to present sufficient evidence to sustain a conviction beyond a reasonable doubt and that the trial court erred in denying the defendant's pre-trial motion to quash, raising the issue of whether La.R.S. 14:65.1 is unconstitutionally vague. Additionally, we have reviewed the record for errors patent.
In the early morning hours of July 17, 1983, Janet Culpepper arrived at Pat O'Brien's bar with two friends, Mike Silvio and Lisa Muntz. They entered a side bar, ordered drinks and sat at a video game table where Ms. Culpepper watched as her two friends played. Ms. Culpepper left the *498 table to get another drink and shortly after she sat down a bar patron yelled "that man grabbed your purse". The purse had been draped over the back of her chair, but Ms. Culpepper did not feel the purse being removed. Mr. Silvio saw a person, later identified as the defendant, leaving with the purse and walking swiftly through the crowd. Ms. Culpepper and her friends related the incident to bar employees and to a police officer who was working at the bar. The officer and Mr. Silvio entered a nearby men's room where they observed the defendant attempting to conceal a purse in a stack of boxes. The defendant was positively identified outside the restroom and was arrested.
At trial, the defendant was identified by the arresting officer and by Mr. Silvio. Further, Mr. Silvio testified that he had seen the defendant both in the breezeway of Pat O'Brien's and in the bar.
We have reviewed the record for errors patent and find none.
In support of his argument that the evidence presented at trial does not support the jury verdict of guilty, defendant contends that the state failed to prove that the defendant used force or intimidation as required by La.R.S. 14:65.1 which provides:
Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not while armed with a dangerous weapon.
The record reflects that Ms. Culpepper was neither physically harmed nor intimidated; however, we find that there need not be actual force, intimidation, or even a face-toface confrontation in order for this crime to have taken place. It is sufficient that the crime requires a "snatching" which is present here. State v. Anderson, 418 So.2d 551 (La.1982). Further, we have reviewed the evidence introduced at trial and find that the State has sufficiently proven all the elements of the crime such that a rational trier of fact could have found the defendant guilty as charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
In his second assignment of error the defendant alleges that La.R.S. 14:65.1 is unconstitutionally vague, arbitrary and capricious and, therefore, constitutionally infirm. This court has considered this argument before and rejected it. In State v. Murray, 436 So.2d 775 (La.App. 4th Cir. 1983) it was stated: "R.S. 14:65.1 withstands a vagueness attack since the statute sufficiently described the unlawful conduct with enough clarity for any ordinary person with reasonable intelligence to understand it." We find, therefore, that this argument is without merit.
For the foregoing reasons, the conviction and sentence are AFFIRMED.
AFFIRMED.