KLEES, Judge.
On April 7, 1986, the appellant was charged with purse snatching. On May 13, 1987, a six-member jury found him guilty as charged. On July 1,1987, he was found to be a second offender and was sentenced to serve ten years at hard labor.
On March 1, 1986, Madeline Barnes was-shopping in Woolworths on Canal Street. Two security officers were observing her and noticed a man later identified as the defendant Reginald Spurlock following her. When Ms. Barnes reached the back of the store, Spurlock approached her and asked her if she was a saleslady. While this conversation was going on, unbeknownst to *978 Ms. Barnes, Spurlock reached into her purse and removed a wallet. When Ms. Barnes told him she did not work there, Spurlock ran from her. Fortunately, one of the security guards saw Spurlock take the wallet, and as Spurlock ran, the guard told Ms. Barnes what had happened and then ran after Spurlock. The guard observed Spurlock take money out of the wallet and throw the wallet under some shelves. When Spurlock was apprehended, still inside the store, he was holding a $10.00 bill and two $1.00 bills in his hand. At his arrest, Spurlock gave the police an assumed name.
Spurlock was positively identified by Ms. Barnes as the man who asked her the question and by the security guard as the man who took the wallet out of Ms. Barnes’ purse. Ms. Barnes testified that the wallet had contained a $10.00 bill and two $1.00 bills plus some change. Ms. Barnes testified that she did not give Spurlock permission to take her wallet.

Errors Patent

A review of the record for errors patent reveals that there is no minute entry of arraignment and pleading. Nor is there any indication in the record when, or if, a formal arraignment occurred. C.Cr.P. art. 831 provides in part that a defendant must be present at arraignment and when a plea is given unless, as per art. 832, he voluntarily absents himself. Art. 832 further provides that “the defendant may always object to his absence at the arraignment or plea to the merit, provided the objection is made before the commencement of trial.” In addition, art. 555 provides in part: “A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pled not guilty.” Here, the appellant did not object to any lack of arraignment, nor does he allege it as error now. As such, the failure of the record to show when he was arraigned is harmless error.

Assignment of Error

By his sole assignment of error, the appellant contends that there was insufficient evidence presented at trial to support his conviction for purse snatching. Specifically, he argues that the State failed to prove that the theft of the wallet was accomplished with force or intimidation.
In its review for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). To support a conviction for purse snatching, the State must prove: (1) a theft;[1] (2) of anything of value; (3) contained within a purse or wallet at the time of the theft; (4) from the person of another or which is in the immediate control of another; (5) by use of force, intimidation, or by snatching; (6) but not armed with a dangerous weapon. See R.S. 14:65.1.
Here, the appellant was observed taking a wallet out of Ms. Barnes’ purse without her knowledge or consent. He ran from Ms. Barnes after taking the wallet. He was seen taking money out of the wallet and throwing the wallet under some shelves. He was captured with the money still in his hands. The appellant argues, however, that one of the elements was not proven by the State because it failed to prove that the appellant used force or intimidation to get the wallet. He argues that the taking was not a “snatching” because Ms. Barnes was unaware of the taking. He maintains that in order for a snatching to occur, there must be some “vibration” that occurs. In support, he cites State v. Capote, 474 So.2d 497 (La. *979 App. 4th Cir.1985). In Capote, the victim’s purse was draped over the back of her chair, and she was unaware that it had been taken until another person told her that a man had taken it. The defendant was quickly found, trying to conceal the purse in the men’s room. This court found sufficient evidence to affirm the defendant’s conviction for purse snatching. The appellant argues that Capote may be distinguished from this case because the witness who saw Capote take the purse stated that Capote’s action “was that of a swift movement, (i.e. snatching).” (Br.5) However, the opinion in Capote does not specifically mention a “swift movement” in the taking of the purse; the opinion merely notes: “Mr. Silvio saw a person, later identified as the defendant, leaving with the purse and walking swiftly through the crowd.” Capote at 498.
There does not appear to be much difference between the taking of the victim’s purse in Capote and the taking of Ms. Barnes’ wallet out of her purse in this case. The perpetrator was observed either walking quickly away from the victim or was seen running away from her. In both cases, the victim was unaware of the taking. However, an even stronger case was presented here because someone actually saw the appellant taking the wallet; in Capote the witness only saw the defendant walking away through the crowd. Despite the appellant’s contentions, it appears that Capote supports a finding that the evidence was sufficient to support his conviction. As this court noted in Capote: "... we find that there need not be actual force, intimidation, or even a face-to-face confrontation in order for this crime to have taken place.” Capote at 498. This assignment is without merit.
Accordingly, for the reasons expressed above appellant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. R.S. 14:67 defines a "theft” as:
the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be. the subject of the misappropriation or taking is essential.