PER CURIAM.
11Writ granted; Conviction Reinstated; Case Remanded. It is preferred but not statutorily required for the defendant to waive his right to a jury trial personally. State v. Pierre, 2002-2665 (La.3/28/03), 842 So.2d 321. Defense counsel may waive the right on his client’s behalf, provided that the defendant’s decision to do so was made knowingly and intelligently. Id. The defendant’s jury waiver is deemed knowing and intelligent when he understands “that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.” United States ex rel. Williams v. DeRobertis, 715 F.2d 1174, 1180 (7th Cir.1983), cert. denied, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). The defendant’s prior criminal history may be considered in determining whether the defendant knowingly and intelligently waived his right to a jury trial. See State v. Phillips, 365 So.2d 1304, 1309 (La.1978).
In these proceedings, the defendant was aware prior to the instant criminal charges of his due process entitlements as they related to a choice to have his guilt or innocence determined by a judge or a jury *956 of his peers. Among other criminal matters, the defendant has past experience as an accused in the trial of a criminal prosecution where he was found guilty by a jury. See State v. Spurlock, 539 So.2d 977 (La.App. 4th Cir.1989). In the instant case, the trial record and defense counsel’s hearing testimony, which was not found to lack credibility, reflect defense counsel, after consulting with the defendant, waived the defendant’s right to a jury trial in open court in the presence of the defendant.’ Weeks later, the defendant proceeded to a bench trial without raising an objection to the absence of a jury. Under the given facts, the defendant’s waiver of a jury trial was knowing and intelligent.
Accordingly, we reverse the trial court and reinstate the defendant’s conviction. The case is remanded to the district court for further proceedings.
JOHNSON, C.J., dissents and would deny the writ.