# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-142

**STATE OF LOUISIANA**

**VERSUS**

**BISHOP SLADE DUBROC**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 26837-13
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Pickett, J., dissents and assigns written reasons.**

John Foster DeRosier
District Attorney
Fourteenth Judicial District
Carla S. Sigler
Karen C. McLellan
Elizabeth B. Hollins
Assistant District Attorneys
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR STATE/APPELLEE:
    State of Louisiana

Brent  Hawkins
Derrick Kee
Hawkins Kee Law Group
1417 Hodges Street
Lake Charles, LA 70601
(337) 210-8811
COUNSEL FOR DEFENDANT/APPELLANT:
    Bishop Slade Dubroc

**SAUNDERS, Judge.**

On December 19, 2013, Defendant, Bishop Slade Dubroc, and a co-defendant were charged by grand jury indictment with two counts of attempted second degree murder, violations of La.R.S. 14:27 and 14:30.1. The indictment was amended on April 14, 2015, to charge Defendant with a third count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1; and a fourth count of distribution of marijuana, a violation of La.R.S. 40:966(A)(1). On that same date, Defendant waived his right to a jury trial. On June 3, 2015, after a two-day bench trial, the trial judge found Defendant guilty of all counts.

Subsequently, on July 10, 2015, Defendant was charged as a second habitual offender in a separate docket number.[1] On August 24, 2015, the trial court accepted Defendant's admission to his status as a second habitual offender on his two convictions for attempted second degree murder and his one conviction for distribution of marijuana. The trial court sentenced Defendant as follows:

> Attempted second degree murder – second habitual offender (two counts) – thirty-five years in DOC on each count.

> Distribution of marijuana – second habitual offender – fifteen years in DOC.

> Possession of a weapon by a convicted felon – ten years in DOC.

The trial court ordered all sentences to run concurrently. The trial court also found Defendant violated his probation in a separate docket number and ordered that sentence to run consecutively to the sentences above.[2] On August 31, 2015, Defendant filed a pro se Motion to Reconsider Sentence in the docket number for

---

[1] The same brief was filed in both the present appeal (17-142) and the habitual offender appeal (17-143).

[2] The State nolle prossed a charge of introduction of contraband into jail and a charge of possession of a schedule I controlled dangerous substance in a separate docket number.

the underlying convictions. Defendant filed another pro se Motion to Reconsider Sentence on September 22, 2015. Without specifying which of the two motions to reconsider sentence it was denying, the trial court denied the motion by written order on January 5, 2016.

Thereafter, a Motion and Order for Out of Time Appeal was filed on November 17, 2016. The trial court granted the out-of-time appeal that same date.[3] Now before the court is a brief filed by Defendant alleging four assignments of error, two of which involve Defendant's waiver of his right to jury trial and the other two involve Defendant's adjudication as a second habitual offender.

## FACTS:

The following Statement of Facts is set forth in Defendant's brief:

At Mr. Dubroc's bench trial, the judge concluded that on November 3, 2013, Mr. Dubroc traveled in a vehicle to St. Charles apartments located at 1011 18th Street Lake Charles, Louisiana to sell marijuana. It was at this location Mr. Dubroc was alleged to have committed the subject offenses, purportedly discharging a weapon striking two persons. It is from this verdict of guilt, and subsequent sentencing, that Mr. Dubroc appeals.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we recognize one error patent. However, it involves Defendant's waiver of his right to jury trial. Since the validity of Defendant's jury-trial waiver has been assigned as error, we will discuss the waiver as an assigned error rather than an error patent.

## ASSIGNMENT OF ERROR NUMBER ONE:

---

[3]The motion for out-of-time appeal includes the docket number for the underlying appeal only. Pursuant to *State v. Means*, 09-1716 (La. 4/9/10), 32 So.3d 805, however, the habitual offender conviction is also before this court.

Defendant asserts the trial court violated his right to a jury trial by failing to require a written motion forty-five days prior to trial pursuant to La.Const. art. I, § 17 and La.Code Crim.P. art. 780.[4] For the reasons that will be discussed, we find that this assignment lacks merit.

Defendant was entitled to a jury trial in this case. *See* La.R.S. 14:30.1 and La.Code Crim.P. art. 782. Both the Louisiana Constitution and the Code of Criminal Procedure provide for the waiver of this right in certain circumstances. La.Const. Art. I, § 17 and La.Code Crim. P. art. 780. In 2010, the Louisiana Constitution was amended to require the waiver be made no later than forty-five days prior to the trial date:

> Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.

La.Const. art. I, § 17(A) (in pertinent part).

In *State v. Bazile*, 12-2243, p. 20 (La. 5/7/13), 144 So.3d 719, 735, the supreme court interpreted "trial date" in La.Const. art. I, § 17 to mean the initial trial setting. In the present case, the initial trial setting was June 9, 2014. The trial date was refixed several times. On April 14, 2015, the State amended the grand jury indictment to charge two additional crimes, and Defendant entered a plea of not guilty to the new charges. Defendant also waived his right to a jury trial at the April 14, 2015 hearing. Since Defendant's waiver of his right to jury trial was entered *after* the initial trial fixing, Defendant's waiver was not timely under the provisions of La.Const. art. 1, § 17. However, in light of the cases discussed below, the

---

[4]The State argues this issue should not be considered as it was waived by Defendant's lack of objection. As will be discussed, Defendant's lack of objection is relevant to the merits of this assignment. However, since this error is an error patent, consideration of the issue is appropriate even without a contemporaneous objection. *See State v. T.T.*, 12-146 (La.App. 1 Cir. 9/21/12), 111 So.3d 71.

3

violation of La.Const. art. I, § 17 is harmless and waived by Defendant's failure to object.

In *State v. McKeel*, 13-855 (La.App. 3 Cir. 2/12/14), 153 So.3d 1029, this court found the error in allowing the defendant to waive his jury trial in violation of the time period set forth in La.Const. art. I, § 17 was harmless where the defendant requested a waiver of his right to jury trial and did not object to the granting of the waiver. This court additionally noted the defendant did not assign as error or argue the jury waiver issue on appeal.[5] Like in *McKeel*, the present Defendant did not object when the trial court granted his untimely waiver. The present Defendant does, however, assign the untimely waiver as an assignment of error on appeal. Despite the fact that Defendant has assigned the untimeliness as an error on appeal, the jurisprudence discussed below supports a finding that the error is harmless and waived by Defendant's lack of objection in the trial court.

In *State v. McKnight*, 16-310, p. 14 (La.App. 1 Cir. 9/16/16) (unpublished opinion), *writ denied*, 16-1769 (La. 6/16/17), 219 So.3d 340, the first circuit stated the following regarding a defendant's relinquishment of his right to challenge his untimely jury trial waiver:

> As noted by the trial court, pursuant to both La. Const. art. I, § 17A and La. C.Cr.P. art. 780D, the waiver of a trial by jury is irrevocable and cannot be withdrawn by the defendant. Even if the defendant's exercise of this right might have been untimely under Article I, Section 17A and Article 780D (the defendant's waiver was not made more than forty-five days before the trial date), any such error is not structural in nature and was waived when the defendant elected to be tried before the trial judge in a bench trial. Once the trial court accepted the defendant's untimely waiver with no objection by the State, that waiver became irrevocable by operation of the amendments to Article I, Section 17A and Article 780. To allow the defendant to knowingly and intelligently waive his right to trial by jury and then to reverse the defendant's convictions and sentences on appeal because of an untimely waiver, would be to allow the defendant to seek a favorable

---

[5]*See also State v. Bourque*, 13-552 (La.App. 3 Cir. 12/18/13) (unpublished opinion).

outcome from the judge and then to resort on appeal to an error that he instigated in the trial court. Such an outcome would not be in the interests of justice. See *State v. Boudreaux*, 2015–1945 (La. 1/6/16), 182 So.3d 940 (Crichton, J., concurring); *State v. T.T.*, 2012–0146 (La. App. 1st Cir. 9/21/12), 111 So.3d 71, 75.

In one of the cases cited by *McKnight*, Justice Crichton assigned the following reasons in his concurrence in the supreme court's writ denial:

> I write separately to note that although the state finely parses La.C.Cr.P. art. 841, which provides (emphasis added) "[a]n irregularity or error cannot be availed of *after verdict* unless it was objected to at the time of occurrence", to argue that no contemporaneous objection is necessary to preserve a claim for review on a pre-verdict supervisory writ, such an argument runs afoul of principles of judicial economy. *See generally State v. Herrod,* 412 So.2d 564, 566 (La.1982) ("Our law requires that defendant make a contemporaneous objection and state the reason therefor to allow the trial judge the opportunity to rule on it and prevent or cure error."). Moreover, the language of the amended constitutional provision itself declares that "the waiver shall be irrevocable." Thus, once the district court accepted the defendant's untimely jury waiver with no objection by the state, and thus no opportunity to cure the error, that waiver became irrevocable by operation of the 2010 amendment. It would be unwise for this court to impair the ability of both the State and defendant to agree on a trial date less than 45 days before trial, as this would lead to inefficient use of judicial resources for the reasons discussed at length in the concurrence in *State v. Chinn,* 11–2043, pp. 1–2 (La.2/10/12), 92 So.3d 324, 332–33 (Kimball, C.J., concurring), whose views on this question appear to have prevailed in *State v. Simmons,* 11–2130 (La.10/11/11), 74 So.3d 711 (per curiam), noting that "[a]lthough the Defendant did not make a jury waiver 'no later than 45 days prior to trial,' the State did not object and the case proceeded to trial." For the above reasons, I concur in the denial of this writ application.

*State v. Boudreaux*, 15-1945, pp. 1-2 (La. 1/6/16), 182 So.3d 940, 940 (emphasis added).

In *State v. Simmons*, 11-2130 (La. 10/11/11), 74 So.3d 711, 711, the supreme court stated the following:

> Granted. Although the Defendant did not make a jury waiver "no later than 45 days prior to trial," the State did not object and the case proceeded to trial, ending in a mistrial. The ruling of the trial court allowing the Defendant to revoke his irrevocable waiver of a jury trial is therefore reversed, and the case is remanded to the trial court for a bench trial.

Considering the cases cited above, Defendant's waiver of his right to jury trial, although untimely under La.Const. art. I, § 17, became irrevocable once it was accepted by the trial court. The waiver was made by Defendant without objection by either Defendant or the State. Any error based on the untimeliness, therefore, is harmless and waived.

Although Defendant asserts his untimely waiver also violated La.Code Crim.P. art. 780, this assertion has no merit. Louisiana Code of Criminal Procedure Article 780 states:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.
>
> B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.
>
> C. With the consent of the district attorney the defendant may waive trial by jury within forty-five days prior to the commencement of trial.
>
> D. A waiver of trial by jury is irrevocable and cannot be withdrawn by the defendant.

In the present case, there is no indication the State objected to Defendant's waiver of his right to jury trial on April 14, 2015. In *State v. Jones*, 14-172, p. 2 (La.App. 3 Cir. 10/1/14) (unpublished opinion)(emphasis added), this court found that the State's lack of objection constituted "consent" to the untimely jury trial waiver:

> La.Code Crim.P. art. 780(C) allows a waiver *within forty-five days prior to the commencement of trial* with the consent of the district attorney. As previously mentioned, Defendant waived his right to a jury trial on September 16, 2013. Court minutes indicate Defendant was present in open court with his attorney when his right to a trial by jury was discussed and waived. There is no indication that the State objected

6

to the waiver. For those reasons, we conclude that no violation of La.Code Crim.P. art. 780 occurred.

Based on the State's consent in the present case, no violation of La.Code Crim.P. art. 780 occurred.

Defendant additionally asserts that the record contains no written waiver of jury trial as required by La.Code Crim.P. art. 780. However, the court minutes and transcript reflect that defense counsel advised the court in Defendant's presence and that Defendant elected to be tried by a judge alone. The minutes further indicate the trial court questioned Defendant, and Defendant waived a jury trial as to all charges.

In *State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830, this court held that the absence of a written waiver of jury trial as required by La.Code Crim.P. art. 780 was harmless error where the defendant and his counsel were in open court when the judge addressed the defendant's right to a jury trial and his waiver thereof. Accordingly, the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

For the foregoing reasons, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendant contends the trial court violated his constitutional right to a jury trial by failing to ensure Defendant knowingly and intelligently waived his right to a jury trial. Defendant claims the colloquy between the trial judge and Defendant concerning Defendant's waiver of his right to a jury trial shows the trial judge failed to advise Defendant of "the choice confronting him, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by the judge." The State responds that the trial court's colloquy was sufficient, that Defendant has waived his right to challenge the waiver

by failing to object, and that any error is harmless in light of the evidence against Defendant.

At a hearing held April 14, 2015, the State amended the grand jury indictment against Defendant to charge two additional charges – possession of a firearm by a convicted felon and distribution of marijuana. The trial judge and Defendant engaged in the following colloquy:

THE COURT:

- - right. Okay.

Mr. Dubroc, I need to talk with you too. Sir, there's been extensive negotiations about these charges that you're scheduled for trial this week on, they're very serious charges. And, sir, you are on probation for a robbery and now you're charged with shooting up the neighborhood and hitting two people. Two counts of attempted murder, that's the charge. Your attorney and I and the State's counsel has - - we've been talking about it. I think there's a firearm enhancement filed.

MR. HOLMES:

That's - - that's correct, Judge.

THE COURT:

Which means that if you're convicted of even one of the attempted murders the minimum sentence is 15. An offer has been tendered to you which is a - - I will tell you is a reasonable offer. And it's up to you, sir, if you don't want to accept the offer, that is fine and there's no offense taken, there's no harm done. I just want this on the record. If that's what you - - if you want to take what's been offered today the cases are resolved. If you do not there's either two ways to take care of the case, guilty plea or no - - well, three ways, I guess, guilty plea, no contest plea, or a trial. Now, if we go to the trial route the State is not going to amend the bill to one count of attempted murder. It's going to be two counts of attempted murder. That changes the plea offer or the sentencing recommendations or my considerations quite a bit. With these new changes, if you're convicted on either one of those, that changes everything. If a habitual offender bill is filed and you're found to be a second or a third or a fourth habitual offender with these types of offenses it's lights out. Do you understand what I'm saying?

MR. DUBROC:

Yes, sir.

THE COURT:

Okay. Now I want you to make a decision. If you want some time to think about it, that's fine. And, sir, I am not trying to twist your arm and make you plead guilty. I don't know what the facts are going to show if we go to trial. But the exposure is so great that you really need to think about it and I'm not - - I'm going to stop because I don't want it to be interpreted or seem I'm telling you to plead guilty because I am not. We will try the cases one at a time if we have to. We will do what we need to do. But you have some input and some control over what happens and I just want you to make a well reasoned decision on how you want to handle these cases. So, any questions? Okay. Mr. Shelton, I'm going to appoint you on the new charges.

MR. SHELTON:

Yes, sir.

THE COURT:

And what is the - - call up for the language. What are the pleas?

MR. SHELTON:

We enter a plea of not guilty to the charges, Your Honor, and request trial by jury.

THE COURT:

Trial by?

MR. SHELTON:

Jury. I have discussed the trial proceedings.

THE COURT:

Yes.

MR. SHELTON:

With Mr. Dubroc.

THE COURT:

Right.

MR. SHELTON:

9

And at this time he has indicated that he would prefer a bench trial. I'm also going to ask him that right now.

THE COURT:

Okay. On the charges that are pending - - on all charges?

MR. SHELTON:

On all charges.

THE COURT:

Okay.

MR. SHELTON:

Am I correct?

MR. DUBROC:

(No verbal response.)

MR. SHELTON:

So I would the [sic] record to reflect we enter a plea of not guilty and we request a bench trial.

THE COURT:

Okay. Mr. Holmes, did you call up the attempted murders?

MR. HOLMES:

I did, Judge. That was 26837-13, two counts of attempted murder, Judge.

THE COURT:

Okay. Now, Mr. Dubroc, what is the plea on the new charges?

MR. SHELTON:

The plea on the new charges is not guilty.

THE COURT:

And mode of trial?

MR. SHELTON:

Bench trial, Your Honor.

THE COURT:

Bench trial. Okay. And, Mr. Dubroc, sir, you have two cases pending with two charges, to [sic] counts pending trial for this week, and - -

MR. HOLMES:

Judge, do you want me to call that other docket as well?

THE COURT:

Yes.

MR. HOLMES:

There's also 4213-14, charge of introduction of contraband into a jail and possession of CDS I set for trial this week as well, Judge.

THE COURT:

Okay.

MR. HOLMES:

And we'd move to set both matters, Judge, for June 2nd.

THE COURT:

June 2nd?

MR. HOLMES:

Yes, sir, Judge.

THE COURT:

Okay. Very well.

MR. HOLMES:

2015. Notice in open court to counsel and defendant of that date, Judge.
THE COURT:

Okay. And, Mr. Dubroc, let me make sure the record is clear, that on the charges that are set for trial this week you have previously requested - - you did not waive your trial by jury, but now you are telling me, if I'm correct, tell me if I'm correct or not, that you are

11

waiving your trial by jury on the matters pending before the Court today for trial.

MR. DUBROC:

*(No verbal response.)*

MR. SHELTON:

Speak up.

MR. DUBROC:

Yes, sir.

THE COURT:

Okay. You waive your jury trial and everything's going to be tried by judge alone; is that correct?

MR. DUBROC:

Yes, sir.

MR. SHELTON:

Do you understand that?

MR. DUBROC:

*(No verbal response.)*

MR. HOLMES:

Judge, and at this time we request that notice be sent to the Public Defender's Office of that appointment, Judge.

THE COURT:

Okay. Public Defender's Office - - please send notice to the Public Defender's Office for all matters.

DEPUTY CLERK:

*(Inaudible.)*

THE COURT:

Trial date for all matters, June - -

MR. SHELTON:

In all matters he's waived the right to a jury trial.

The supreme court has stated the following regarding the adequacy of a jury trial waiver:

> It is preferred but not statutorily required for the defendant to waive his right to a jury trial personally. *State v. Pierre,* 2002–2665 (La.3/28/03), 842 So.2d 321. Defense counsel may waive the right on his client's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. *Id.* The defendant's jury waiver is deemed knowing and intelligent when he understands "that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." *United States ex rel. Williams v. DeRobertis,* 715 F.2d 1174, 1180 (7th Cir.1983), *cert. denied,* 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). The defendant's prior criminal history may be considered in determining whether the defendant knowingly and intelligently waived his right to a jury trial. *See State v. Phillips,* 365 So.2d 1304, 1309 (La.1978).
>
> In these proceedings, the defendant was aware prior to the instant criminal charges of his due process entitlements as they related to a choice to have his guilt or innocence determined by a judge or a jury of his peers. Among other criminal matters, the defendant has past experience as an accused in the trial of a criminal prosecution where he was found guilty by a jury. *See State v. Spurlock,* 539 So.2d 977 (La.App. 4th Cir.1989). In the instant case, the trial record and defense counsel's hearing testimony, which was not found to lack credibility, reflect defense counsel, after consulting with the defendant, waived the defendant's right to a jury trial in open court in the presence of the defendant. Weeks later, the defendant proceeded to a bench trial without raising an objection to the absence of a jury. Under the given facts, the defendant's waiver of a jury trial was knowing and intelligent.

*State v. Spurlock*, 15-1173, pp. 1-2 (La. 9/25/15), 175 So.3d 955, 955-56.

In the present case, Defendant was present when his counsel informed the trial court of Defendant's desire to waive jury trial and informed the trial court that he had discussed the trial proceedings with Defendant. The trial court also had a personal colloquy with Defendant. The trial court explained to Defendant the seriousness of the charges against him and was able to evaluate Defendant's capacity to understand what was happening. As appellate counsel points out in brief, the record reflects that some of Defendant's responses were not verbal. Defendant did,

13

however, answer "Yes, sir[,]" when the trial court asked him if he was waiving his right a jury trial and willing to be tried by the judge alone. The trial judge made sure Defendant understood that his decision meant that he was going to be tried by the judge alone. *See Bazile*, 144 So.3d at 734, where the supreme court held, "We hold a criminal defendant's waiver of his right to trial by jury is knowing and intelligent when he demonstrates his understanding that he will proceed to trial before a judge upon that waiver." Additionally, Defendant has experience in the judicial system, having previously been convicted of simple robbery on May 17, 2013. Likewise, weeks after Defendant waived his right to a jury trial, he proceeded to a bench trial with no objection. Finally, appellate counsel points to nothing in the record to indicate that Defendant had any difficulty understanding his waiver of jury trial.

For the foregoing reasons, we find that this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In this assignment of error, Defendant contends the trial court committed "reversible error patent" by failing to advise Defendant of his constitutional right to remain silent at his habitual offender proceeding. For the reasons discussed below, this assignment of error lacks merit.

In *State v. Lynn*, 52,125, p. 17 (La.App. 2 Cir. 8/15/18), 251 So.3d 1262, 1272-73, the court stated the following regarding the rights of which a defendant must be advised when charged as a habitual offender:

> La. R.S. 15:529.1(D)(1)(a) requires that the defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the state must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. *State v. Robinson*, 46,091 (La. App. 2 Cir. 4/20/11), 63 So.3d 1113, *writs denied*, 11-0901, 111016 (La. 11/23/11), 76 So.3d 1148, 1149; *State v. Delaney*, *supra*.

14

In the present case, at a hearing held July 29, 2015, Defendant entered a denial to the charge of habitual offender, second offense. Although the State wanted to proceed that same date with the habitual offender hearing, the trial judge found that Defendant needed time to prepare and scheduled the hearing for a later date. The trial court noted that the habitual offender charge required a trial. Additionally, defense counsel noted that Defendant was entitled to a hearing. The trial court informed Defendant as follows:

THE COURT:

    Okay. I want to put something on the record just very briefly and tell Mr. Dubroc myself, and he can confer with counsel and get more clarification or some more information about it. Mr. Dubroc, as you were here - - when you were here earlier this morning I thought maybe it would be unfair to you, sir, to have you arraigned on a habitual offender trial on habitual offender bill, which necessitates, which requires a trial. Have you plead guilty and then moments later start the trial. That's just - - that was something in my mind that it just seems fundamentally unfair and not in accordance with due process. And the - - we've looked at some cases and that is generally what the cases are saying. There must be some preparatory time. There must be some time - - some delay between the actual notice of the preceding [sic] and the actual trial of the proceeding. So that's all I'm going to say about that and that's why we're continuing the matter. And the State and the defense counsel and I had a conference, along with my law clerk and everybody's pretty much in agreement that that is the situation. And so that's why we're doing what we're doing.

MR. SHELTON:

    Do you understand?

MR. DUBROC:

    Yes, sir.

Subsequently, at the proceeding held August 24, 2015, the trial court stated the following to Defendant:

THE COURT:

    Okay. Counsel, at the table. Unless there's going to be an admission.

15

Mr. Dubroc, habitual offender proceedings, by their very nature, imply or suggest that you have been convicted of a prior felony as well as a felony charge for which you've not been sentenced, a current felony, and it's up to the State to prove the first felony. They have to prove both convictions, the first one and the second one. Unless you admit that you have been previously convicted of a felony. And if you - - because a denial has been entered up to this point.

MR. DUBROC:

Right.

THE COURT:

A denial has been entered. Therefore, the State has to go forward with evidence showing that you were previously convicted of a felony. And if you - - you can change the denial to an admission and admit that you were previously convicted of a felony for which you are now on probation.

Now, I'm not forcing you to do either one, to admit or deny. But let me ask you at this time - - you can admit or deny - - let me ask you at this time, have you been convicted of a prior felony? Do you deny that?

MR. DUBROC:

(No verbal response.)

THE COURT:

And you want a hearing on it?

MR. SHELTON:

You have to answer aloud.

MR. DUBROC:

Can you repeat that?

THE COURT:

Okay. You've been convicted of a simple robbery, sir, back in was it 2012?

MR. HOLMES:

No, sir, Judge, 2013.

THE COURT:

16

2013?

MR. SHELTON:

The offense occurred in '12.

THE CLERK:

(*Inaudible.*)

MR. SHELTON:

It's not?

THE COURT:

No, I didn't think it was either.

THE CLERK:

Should be 31742-12.

MR. HOLMES:

That's correct, Judge.

MR. SHELTON:

That is correct.

MR. HOLMES:

I read the docket number off the front of the file.  It is 31742-12.

THE COURT:

Okay.  Mr. Dubroc, sir, do you admit that you were convicted of a simple robbery under that docket number in 2013?

MR. DUBROC:

Yes, sir.

THE COURT:

Okay.  Let the admission be made.  Mr. Dubroc., I find that you are a second felony offender, at least a second felony offender.

We find that although the trial court advised Defendant of his right to have the State prove that he was a second habitual offender, the trial court did not

17

specifically advise Defendant of his right to remain silent.  Although the State appears to concede in brief that the trial court failed to advise Defendant of his right to remain silent, we find that the language used by the trial court was sufficient to constitute an advice of Defendant's right to remain silent.  In *State v. Ray*, 547 So.2d 1350, 1358–59 (La.App. 3 Cir.), *writ denied*, 553 So.2d 470 (La.1989), this court stated the following regarding similar language used by a trial court:

> In this case, before the trial judge accepted the defendant's guilty plea as a habitual offender, he made the following statement to the defendant:
>
> > "All right. You understand that you are not required to admit to the other offenses, or offense, that you could have a hearing on them if you wanted, and if you needed time for that hearing, the Court would give you time to prepare for it. You understand that?"
>
> Defendant acknowledged that he understood these rights. It is clear that defendant was adequately cautioned in language that he could understand about his right to remain silent and to have the State prove at a court hearing his identity as an habitual offender.

Likewise, we find the trial court in the present case used language to adequately inform Defendant that he could remain silent and not admit to his status as a habitual offender.  The trial court explained to Defendant that the denial he already entered required the State to produce evidence of Defendant's prior conviction.  The trial court additionally informed Defendant that he was not being forced to either admit or deny his status as a second habitual offender.  Thus, the trial court adequately cautioned Defendant in language that Defendant could understand about his right to remain silent and his right to have the State prove at a court hearing his identity as a habitual offender.

We note that, regardless of whether the trial court did not adequately advise Defendant of his right to remain silent, the error is nevertheless harmless.  In a similar situation, this court has stated the following:

18

It is correct that the trial court did not advise the defendant that he had the right to remain silent and that the state had the burden of proving beyond a reasonable doubt that he was the individual who committed the 2002 offense. It is also correct that "[a]dmissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination." *State v. Harris,* 95–900, p. 1 (La.5/19/95), 654 So.2d 680, 680. However, in *Harris,* the supreme court also explained that:

> Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." *State v. Martin,* 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty. *Id.,* 427 So.2d at 1185, n.7. In the absence of any allegation or showing that the admission was involuntary, *compare State v. Johnson, supra,* the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. *See Holloway v. Lynaugh,* 838 F.2d 792 (5th Cir.), cert. denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); *State v. Firmin,* 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La.1988).

*Id.*

As noted in *State v. Fletcher,* 00–968, pp. 3–4 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, 1243, *writ denied,* 01–342 (La.12/14/01), 803 So.2d 986, this court, addressing an assigned error, discussed the pertinent case law on this issue:

> While La.R.S. 15:529.1 does not specifically address the issue of a defendant's right to remain silent, in *State v. Johnson,* 432 So.2d 815 (La.1983), *writ granted on other grounds,* 438 So.2d 1113 (La.1983), *appeal after remand,* 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand,* 471 So.2d 1041 (La.App. 1 Cir.1985), the supreme court concluded that the statute clearly recognizes that a defendant has the right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. The question is whether or not this is harmless error.

As in *Fletcher,* we are called on to determine whether the trial court's failure to advise the defendant of his right to remain silent and of the state's obligation to prove his identity beyond a reasonable doubt is harmless error.

We conclude that it is harmless error. The state introduced the record of the 2002 proceedings without objection from the defendant, and this exhibit establishes the accuracy of the defendant's admission. The defendant was represented by counsel at the habitual offender hearing and, on appeal, the defendant does not assert that his admission was involuntary. *See State v. Payne,* 94–1628 (La.App. 3 Cir. 5/22/96), 677 So.2d 527. Thus, without the defendant's admission, the trial court would have reached the same result.

*State v. Bias*, 12-610, pp. 3-4 (La.App. 3 Cir. 12/5/12) (unpublished opinion), *writ denied*, 14-746 (La. 1/16/15), 157 So.3d 1123.

In *State v. Cook*, 11-2223, pp. 1-2 (La. 3/23/12), 82 So.3d 1239, 1240–41, the supreme court stated the following regarding a trial court's technical non-compliance with the advice of rights required by La.R.S. 15:529.1:

Writ granted. The decision of the court of appeal is reversed in part, and the trial court's adjudication and sentencing of defendant as a habitual offender are reinstated. The requirements of R.S. 15:529.1(D)(1)(a) that the court inform a defendant of the allegations in a habitual offender bill of information, and of his right "to be tried as to the truth thereof according to law," should not serve as technical traps for an unwary but otherwise conscientious judge. . . . It therefore appears that defendant was fully informed of the allegations in the habitual offender bill and of his right to contest those allegations, with a correlative right to remain silent at the hearing, that he thereafter voluntarily stipulated to the habitual offender allegations after conferring with counsel, and that the trial court adjudicated him a habitual offender on the basis of not only his stipulation but also the documentary evidence introduced by the state at the hearing. Defendant's interests were fully protected and any technical non-compliance with the statutory directives in R.S. 15:529.1(D)(1)(a) was harmless. *See State v. Brown,* 11–1656 (La.2/10/12), 82 So.3d 1232.

As in the above cases, here, the trial court's technical non-compliance with the advice of rights in the present case was harmless error. Before sentencing Defendant as a second habitual offender, the trial court found Defendant guilty of a probation violation, revoked his probation, and ordered that he serve the previously suspended sentence. The trial court heard argument by both parties and then

imposed a sentence on each of Defendant's convictions, including the charges for which he was adjudicated a second habitual offender. After the imposition of sentences, defense counsel suggested the court hear the testimony of Defendant's probation officer. The trial court heard the testimony of Defendant's probation officer, who testified that he supervised Defendant while Defendant was on probation for simple robbery. According to the probation officer, Defendant was still on probation when he committed the other charges. In addition to the testimony of Defendant's probation supervisor at the habitual offender hearing, a probation officer testified at trial that her office was currently supervising Defendant's probation for simple robbery. Judge Ron Ware sentenced Defendant on the simple robbery charge on May 17, 2013, and then presided over both Defendant's current trial and his habitual offender hearing. In *State v. Brown*, 11-1656, p. 2 (La. 2/10/12), 82 So.3d 1232, 1234 (quoting *State v. Jones*, 332 So.2d 461, 462 (La.1976)) the supreme court noted that during a habitual offender proceeding, a trial judge may take judicial notice "of any prior proceeding which was a part of the same case he had previously tried."

Although the trial court in the present case did not specifically state it was taking judicial notice, the record is clear that the same trial judge presided over Defendant's sentencing for his predicate conviction of simple robbery, presided over his current trial and habitual offender proceeding, and heard all of the evidence presented at each proceeding.

Moreover, the present case is distinguishable from cases wherein reversible occurred because of the trial court's failure to advise a defendant of his right to remain silent prior to his admission as a habitual offender. In *State v. Cousin*, 17-1135, pp. 13-14 (La.App. 1 Cir. 12/21/17), 240 So.3d 954, 962, the first circuit found reversible error based on the trial court's failure to advise Cousin of his right to

21

remain silent before Cousin admitted to his status as a habitual offender. Unlike the present case, the State offered no evidence of Cousin's status as a habitual offender. In *State v. Dugas*, 11-165 (La.App. 3 Cir. 4/25/12) (unpublished opinion), this court found reversible error occurred when Dugas was not advised of his rights before admitting to his status as a habitual offender. Unlike the present case, the State in *Dugas* failed to introduce any independent evidence or testimony to establish Dugas' identity as a habitual offender. Additionally, the trial court in *Dugas* failed to advise Dugas of both his right to a hearing and his right to remain silent. In *State v. Boutte*, 09-404 (La.App. 3 Cir. 1/13/10), 27 So.3d 1111, cited in Defendant's brief, Boutte stipulated to his identity as the person who committed the prior conviction without being advised of his rights. Although the State introduced independent evidence of the predicate convictions themselves, the State offered no independent evidence that Boutte was the person who committed the predicate convictions. To the contrary, the present Defendant was advised of his right to maintain his denial and require the State to prove his status as a habitual offender. Additionally, the present trial court heard evidence both at trial and at the habitual offender proceeding that established Defendant's identity as the person who committed the simple robbery used as his predicate conviction. Thus, without Defendant's admission, the trial court in the present case would have reached the same result.

For the foregoing reasons, this court finds the trial court sufficiently advised Defendant of his right to remain silent. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER FOUR:

Defendant contends that since his admission to his status as a second habitual offender was unconstitutional and since the State offered no independent evidence of Defendant's status as a second habitual offender, the evidence was insufficient to

22

adjudicate Defendant as a second habitual offender. For the reasons discussed in the previous assignment of error, Defendant's admission was not unconstitutional. Additionally, as noted in the previous assignment of error, the State did introduce the testimony of Defendant's probation officer that Defendant was on probation for simple robbery when he committed the offenses at issue in the present case. Thus, even without Defendant's admission, the State produced evidence of Defendant's status as a second habitual offender. Accordingly, this assignment lacks merit.

## DECREE:

Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

BISHOP SLADE DUBROC

**Pickett, J., dissenting with written reasons.**

I respectfully dissent.

I agree with the majority's conclusion that the defendant's argument of untimeliness is without merit. In fact, La.Code Crim.P. art. 780(C) specifically allows a defendant to waive his right to a trial by jury within forty-five days prior to the commencement of trial with the consent of the district attorney. The district attorney tacitly consented to the waiver by not objecting. I find this argument to be without merit.

The failure to file a written motion as required by La.Code Crim.P. art. 780(B) is, however, more problematic, and I further disagree that the record reflects that the defendant made a knowing and intelligent waiver of his right to a trial by jury.

The right to a trial by jury is one of our most basic and fundamental rights as American citizens. It is a right that predates the formation of our great country. In fact, one of the grievances against the tyranny of George III listed in the Declaration of Independence is that he was "depriving us in many cases, of the benefits of Trial by Jury." Having been deprived of this right by a tyrannical government, the framers of the constitution made certain it was protected for all people with its inclusion in Article III, Section 2 of the United States Constitution and Sixth Amendment to the Constitution. The right to a trial by jury has always been viewed as one of our most basic rights in the criminal justice system.

1

The defendant contends the trial court violated his constitutional right to a trial by jury by failing to ensure that he knowingly and intelligently waived his right to a jury trial.

Except when charged with a capital offense, a defendant may waive the right to a trial by jury and be tried by a judge. La Const. Art I § 17; La.Code Crim.P. art 780(A); La.Code Crim.P. art. 782(B). Waiver of the right to a trial by jury is never presumed. *State vs. McCarroll*, 337 So.2d 475 (La.1976) To be valid, a defendant's waiver of his right to a jury trial must be knowing and intelligent. *Adams v. U.S. ex rel. McCann*, 317 U.S. 269 (1942); La.Const. art. 1, § 17(A); La. Code Crim.P. art. 780(A). "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend on the unique circumstances of each case." *Adams*, 317 U.S. at 278.

Further, in Louisiana, La.Code Crim.P. art. 780(B) required that a

> waiver *shall* be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by the defendant's counsel unless the defendant has waived is right to counsel.

(Emphasis added.) The word "shall" in a statute means the provision is mandatory and not permissive or discretionary. Therefore, failing to comply with Article 780(C) which requires a written motion to waive a jury trial is necessarily error.

In the matter before the court, there was no written motion to waive a jury trial filed by the defendant. The court's acceptance of an oral motion in the absence of a written motion is error. The majority finds it to be harmless error. I disagree and will discuss it more fully below.

A criminal defendant's jury waiver is deemed knowing and intelligent when he understands "that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand to have his guilt or innocence determined by a judge." *State v. Bazile*, 12-2243, p. 17 (La. 5/7/13), 144

2

So.3d 719, 733, quoting *United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1180 (7th Cir.1983), *cert. denied*, 464 U.S. 1072, 104 S.Ct. 982 (1984). "That is all the defendant needs to know and understand." *Id.* at 733. "Greater proof of knowing and intelligent waiver has been neither constitutionally nor jurisprudentially required." *Id.* at 733, quoting *State v. Johnson*, 389 So.2d 1302, 1305 (La.1980).

The defendant claims the colloquy between the trial judge and the defendant concerning the defendant's waiver of his right to a jury trial shows the trial judge failed to advise the defendant of "the choice confronting him" between a jury or bench trial. The majority finds that the colloquy to be sufficient. A review of the colloquy that took place at the time of the waiver and the record up to the time of the oral motion to waive the jury trial, reflect a colloquy took place, but with very little participation by the defendant.

The record reflects the following colloquy between the court, the prosecutor Mr. Holmes, defense counsel Mr. Shelton, and the defendant.

THE COURT:

- - right. Okay.

Mr. Dubroc, I need to talk with you too. Sir, there's been extensive negotiations about these charges that you're scheduled for trial this week on, they're very serious charges. And, sir, you are on probation for a robbery and now you're charged with shooting up the neighborhood and hitting two people. Two counts of attempted murder, that's the charge. Your attorney and I and the State's counsel has - - we've been talking about it. I think there's a firearm enhancement filed.

MR. HOLMES:

That's - - that's correct, Judge.

THE COURT:

Which means that if you're convicted of even one of the attempted murders the minimum sentence is 15. An offer has been tendered to you which is a - - I will tell you is a reasonable offer. And it's up to you, sir, if you don't want to accept the offer, that is fine and there's no offense taken, there's no harm done. I just want this on the record. If that's what you - - if you want to take what's been offered today the cases are resolved. If you do not there's either two ways to

take care of the case, guilty plea or no - - well, three ways, I guess, guilty plea, no contest plea, or a trial. Now, if we go to the trial route the State is not going to amend the bill to one count of attempted murder. It's going to be two counts of attempted murder. That changes the plea offer or the sentencing recommendations or my considerations quite a bit. With these new changes, if you're convicted on either one of those, that changes everything. If a habitual offender bill is filed and you're found to be a second or a third or a fourth habitual offender with these types of offenses it's lights out. Do you understand what I'm saying?

MR. DUBROC:

Yes, sir.

THE COURT:

Okay. Now I want you to make a decision. If you want some time to think about it, that's fine. And, sir, I am not trying to twist your arm and make you plead guilty. I don't know what the facts are going to show if we go to trial. But the exposure is so great that you really need to think about it and I'm not - - I'm going to stop because I don't want it to be interpreted or seem I'm telling you to plead guilty because I am not. We will try the cases one at a time if we have to. We will do what we need to do. But you have some input and some control over what happens and I just want you to make a well reasoned decision on how you want to handle these cases. So, any questions? Okay. Mr. Shelton, I'm going to appoint you on the new charges.

MR. SHELTON:

Yes, sir.

THE COURT:

And what is the - - call up for the language. What are the pleas?

MR. SHELTON:

We enter a plea of not guilty to the charges, Your Honor, and request trial by jury.

THE COURT:

Trial by?

MR. SHELTON:

Jury. I have discussed the trial proceedings.

THE COURT:

Yes.

4

MR. SHELTON:

With Mr. Dubroc.

THE COURT:

Right.

MR. SHELTON:

And at this time he has indicated that he would prefer a bench trial. I'm also going to ask him that right now.

THE COURT:

Okay. On the charges that are pending - - on all charges?

MR. SHELTON:

On all charges.

THE COURT:

Okay.

MR. SHELTON:

Am I correct?

MR. DUBROC:

(No verbal response.)

MR. SHELTON:

So I would the [sic] record to reflect we enter a plea of not guilty and we request a bench trial.

THE COURT:

Okay. Mr. Holmes, did you call up the attempted murders?

MR. HOLMES:

I did, Judge. That was 26837-13, two counts of attempted murder, Judge.

THE COURT:

Okay. Now, Mr. Dubroc, what is the plea on the new charges?

5

MR. SHELTON:

The plea on the new charges is not guilty.

THE COURT:

And mode of trial?

MR. SHELTON:

Bench trial, Your Honor.

THE COURT:

Bench trial. Okay. And, Mr. Dubroc, sir, you have two cases pending with two charges, to [sic] counts pending trial for this week, and - -

MR. HOLMES:

Judge, do you want me to call that other docket as well?

THE COURT:

Yes.

MR. HOLMES:

There's also 4213-14, charge of introduction of contraband into a jail and possession of CDS I set for trial this week as well, Judge.

THE COURT:

Okay.

MR. HOLMES:

And we'd move to set both matters, Judge, for June 2nd.

THE COURT:

June 2nd?

MR. HOLMES:

Yes, sir, Judge.

THE COURT:

Okay. Very well.

MR. HOLMES:

2015. Notice in open court to counsel and defendant of that date, Judge.

THE COURT:

Okay. And, Mr. Dubroc, let me make sure the record is clear, that on the charges that are set for trial this week you have previously requested - - you did not waive your trial by jury, but now you are telling me, if I'm correct, tell me if I'm correct or not, that you are waiving your trial by jury on the matters pending before the Court today for trial.

MR. DUBROC:

*(No verbal response.)*

MR. SHELTON:

Speak up.

MR. DUBROC:

Yes, sir.

THE COURT:

Okay. You waive your jury trial and everything's going to be tried by judge alone; is that correct?

MR. DUBROC:

Yes, sir.

MR. SHELTON:

Do you understand that?

MR. DUBROC:

*(No verbal response.)*

MR. HOLMES:

Judge, and at this time we request that notice be sent to the Public Defender's Office of that appointment, Judge.

THE COURT:

Okay. Public Defender's Office - - please send notice to the Public Defender's Office for all matters.

DEPUTY CLERK:

7

*(Inaudible.)*

THE COURT:

Trial date for all matters, June - -

MR. SHELTON:

In all matters he's waived the right to a jury trial.

In this case, the defendant was present with his counsel. Defense counsel initially stated the defendant was requesting a trial by jury and then, almost immediately, changed course and stated the defendant wanted a bench trial. The record does not reflect why. The trial court had a colloquy which primarily involved defense counsel. During the entire colloquy, the defendant said, "Yes, sir," and nothing more, three times. The defendant did answer "yes, sir," when instructed by his attorney to verbally respond when the trial court asked him if he was waiving his right to a jury trial and willing to be tried by the judge alone. When asked by the trial judge if he understood he was waiving a jury, there was no verbal response.

I have reviewed the colloquy above and the entire record up through the hearing when the waiver was made. It is not clear to me, from the record, that this defendant either had the capacity to understand the implications of waiving a jury trial or a clear understanding of the choices before him. There is no information in the record which reflects the defendant's education level, or even if he is literate. There is no explanation, even bare bones, regarding the nature of a jury trial, that a jury is composed of ordinary people from the community, the number who must concur to render a verdict, or any information about the jury process at all.

The state argues that the defendant has a prior conviction and is, therefore, familiar with the justice system. The fact of a previous conviction, with no further information, is not dispositive of this issue.

It is possible the trial court had knowledge of this defendant which preceded this matter and believed the defendant understood what the waiver entailed and the

8

effect of that waiver. We are, however, confined to the record before us. I do not agree that this record establishes that this defendant understood the choices before him and, therefore, I cannot agree he made a knowing and intelligent waiver based on this record and this colloquy.

The failure of the defendant to comply with the mandates of Art. 780(C) is also problematic. The majority finds this failure is harmless error, citing *State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830, for the proposition that failure to comply with the mandatory language of La.Code Crim.P. art. 780(C) is harmless if no one objects. In *Bell*, this court recognized the error in its error patent review but determined it to be harmless. The only assignment of error raised by the defendant in *Bell* pertained to a sentencing issue. Neither the state nor the defendant raised it as error and the conviction was not challenged. The same situation is found in *State v. Blue*, 09-1111 (La.App. 3 Cir. 4/7/10), 34 So.3d 447, and *State v. Charles*, 15-518 (La.App. 3 Cir. 1/25/15), 178 So.3d 1157, which are cited by the state.

In both *Blue* and *Charles* the substance of the appeals pertained strictly to sentencing issues. In *Blue* there was no written waiver filed. In *Charles,* a written waiver was filed, but was signed only by counsel and not by the defendant. Neither the defendant nor the state raised the failure to file a written waiver as error on appeal, and the defendant did not appeal the verdict of the court, and there was no issue raised by the parties whatsoever about the validity of the waiver. The court recognized the error pertaining to the lack of a written waiver in its error patent review in all three of these cases. In each of the cases the court noted the defendant's presence in court when the verbal waivers were made. In *Bell*, *Blue*, and *Charles*, the court determined that *under the facts of those cases,* the error was harmless.

The facts in the matter before us are very different from the facts in *Bell*, *Blue*, and *Charles.* To conclude that the mere presence of a defendant in court when an oral waiver is made is automatically harmless error would be to render the mandatory

9

language in Article 780(C) meaningless. The majority's reliance on these cases, each of which involved only the appeal of the sentence and not of which raised the issue as error, is misplaced.

If, in this case, the defendant had filed a written motion, properly executed, it may have provided to this court a clearer understanding about the defendant's state of mind and whether he was making a "knowing and intelligent waiver" of a trial by jury. Under the facts of this case, I cannot find the violation of Article 780(C) harmless error.

The failure of the defendant to file a written motion in compliance with Article 780(C), coupled with the lack of information in the record regarding the defendant's understanding of the choice before him and whether he understood the implications of waiving a trial by jury, renders his oral waiver invalid. The majority's opinion holds that if a defendant is present in court and says "Yes, sir," without any further information as to his understanding, he has waived a basic constitutional right under our law. I cannot agree with that conclusion. Under the facts of this case, I cannot conclude the defendant made a knowing and intelligent waiver of his right to a jury trial.

Because I find this assignment of error has merit, I would set aside the defendant's conviction. Because I would reverse the underlying conviction, I would also vacate the habitual offender conviction.